UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE

| | |
|---|---|
| Leslie Dionne Hughes,         ) | CASE NO. 17-52260-LRC |
|                      ) | |
|      Debtor.         ) | CHAPTER 13 |
|                      ) | |
| Leslie Dionne Hughes,         ) | |
|      Movant.         ) | CONTESTED MATTER |
| vs.                    ) | |
| Federal National Mortgage Association   ) | |
| ("Fannie Mae") and/or Seterus, Inc.,    ) | |
|      Respondent.      ) | |

## OBJECTION TO PROOF OF CLAIM FILED BY FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE") ON MAY 5, 2017 IN THE AMOUNT OF $137,470.19, CLAIM NO. 3-1

COMES NOW, Debtor and hereby objects to Respondent's claim in this Chapter 13 Case, and shows the Court as follows:

1.

This case was commenced by the filing of a Voluntary Petition for relief in Bankruptcy under Chapter 13 of Title 11 of the United States Code on February 6, 2017.

2.

Respondent has filed a secured claim in the amount of $137,470.19, Claim No. 3-1, with an arrearage amount of $22,397.68.

3.

Debtor objects to this claim as this loan was terminated through her unilateral act of a written rescission exercised on November 1, 2006 **(See attached Exhibit A "Written Rescission")** pursuant to Truth In Lending Act (hereinafter "TILA") 15 U.S.C. Section 1635(a), TILA's implementing regulation, Regulation Z 12 C.F.R. 226.23(a) and (f), O.C.G.A Section 7-6A-3-5, and *Jesinoski v. Countrywide Home Loans, Inc.,* 135 S.Ct. 790 (2015). Debtor's written rescission specifically identified the loan in question and specifically requested that the loan in question be canceled. Debtor sent the written rescission to Fannie Mae and/or any other servicer

and/or owner of the loan that has reached out to her **(See attached Exhibit B "Further Notices regarding the Written Rescission")**. Debtor rescinded the loan prior to Washington Mutual Bank, F.A. going into receivership with the Federal Deposit Insurance Corporation (hereinafter "FDIC"). Washington Mutual Bank, F.A. did not respond nor acknowledge Debtor's rescission; nor did Washington Mutual Bank, F.A. take any steps to unwind the loan transaction.

4.

Debtor rescinded her loan due to the fact that material disclosures were never received prior to the closing of the loan. These disclosures include:

A) True and accurate percentage rate. Debtor was never given the interest rate she was promised;

B) True and accurate monthly mortgage payment. Debtor's first monthly mortgage payment after the closing of the loan, which was due September 1, 2006, was more than what Debtor agreed to when she closed on the loan. **(See attached Exhibit C, "Correspondence from Debtor and Washington Mutual regarding misrepresentations and increased payment")**;

C) True and accurate disclosure of amounts financed. Debtor received multiple financial disclosure statements over the years that each contain a different amount financed varying amounts; and

D) True and accurate itemization of amounts paid from proceeds at closing. Debtor has received several financial disclosure statements that contain varying amounts regarding fees and amounts paid from proceeds at closing.

5.

TILA, which is an act constructed for consumer protection, through TILA's implementing regulation, Regulation Z 12 CFR 226.23(d) specifies that the effects of rescission are as follows:

1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount including any finance charge.

2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect

the termination of the security interest.

3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

5.

Debtor also objects to this claim due to the fact that Debtor received correspondence from Chase showing that the unpaid principal balance of her loan was $0.00. **(See attached Exhibit D, "Letter from Chase dated February 12, 2016")**

6.

Debtor further objects to this claim due to the fact that Seterus, Inc. has sent letters reflecting the set-up of a new loan for Plaintiff, which includes a new loan number. Seterus, Inc. has also sent Debtor a letter stating that Debtor requested a loan modification **(See attached Exhibit E, "Letter from Seterus, Inc. dated April 5, 2017")** Debtor has never agreed or contracted for a new loan with Seterus, Inc., nor has Debtor ever requested a loan modification. Seterus, Inc. is merely a servicer, not a lender. The original loan number for the loan Debtor had with Washington Mutual Bank, F.A. was 3010145575. The loan number Seterus, Inc. created is 29875273. **(See attached Exhibit F, "Account Statements showing new loan setup")** 12 C.F.R. 1026.37(a)(12) has been interpreted as follows:

"A creditor requires that the creditor disclose a loan identification number that may be used by the creditor, consumer, and other parties to identify the transaction, labeled as "Loan ID #." The loan identification number is determined by the creditor, which may contain any alphanumeric characters. Because the number must allow for the identification of the particular credit transaction under Section 1026.37(a)(12), a creditor must use a unique loan number, i.e., the creditor may not use the same loan identification number for different, but related, loan transactions (such as different loans to the same

borrower).  Where a creditor issues a revised Loan Estimate for a transaction, the loan identification number must be sufficient to enable identification of the transaction pursuant to Section 1026.37(a)(12)."  Additionally, Debtor contacted Fannie Mae in February 2017 and Fannie Mae indicated that they no longer owned the loan and that is is no longer in a pool which has to be why the statement Debtor received from Chase shows a $0.00 balance.  Chase has never filed any satisfaction or cancellation of loan Number 3010145575.

7.

Debtor additionally does objects to this claim because Fannie Mae does not own the loan. The assignment from the FDIC to Chase cannot be valid as per the attached email **(See attached Exhibit G "Email from Fannie Mae")** received from Fannie Mae.  Fannie Mae asserts in the email that they owned the loan since 2006.  The chain of title that is attached to this proof of claim is false and misleading as it has Chase as an owner of the loan and Chase per the email from Fannie Mae could not have owned the loan if Fannie Mae owned the loan since 2006. Fannie Mae in February 2017 indicated to Debtor  that they no longer owned the loan and that it is no longer in a pool which has to be why Chase is showing a $0.00 balance.  Pursuant to O.C.G.A. Section 16-8-102(5), knowingly making these type of false or misleading representations is an offense of residential fraud.

8.

Debtor further objects to this claim due to the fact that Debtor was supposed to execute a Home Equity Line Of Credit Agreement (hereinafter "HELOC") at the time she closed on her house.  However, Debtor was never provided the appropriate paperwork in regards to the HELOC.  Debtor later found out that her signature was forged on a HELOC Security Deed that was dated for July 6, 2006, which is dated after the date she closed on her house. **(See attached Exhibit H, "HELOC Security Deed")**

9.

Debtor put a down payment of approximately $60,000.00 for this house when she originally purchased her house.  Debtor never anticipated that she would be denied initial disclosures and be misled regarding the terms of her loan.  Debtor only began making the elevated payments on the loan in anticipation that the Washington Mutual Bank Representative she was dealing with would cancel these erroneous transactions so that Debtor could secure her

original and accurate loan terms.  Debtor has paid over $200,000.00 towards this house to date.

WHEREFORE, Movant respectfully requests the claim of Respondent currently being funded through the Chapter 13 plan be disallowed.

Dated: June 4, 2017

_____ /s/

Joy Nesmith, Attorney for Debtor
Georgia Bar No. 161502
Baxter & Nesmith, LLC
3300 Buckeye Road
Buckeye Tower, Suite 320
Atlanta, GA  30341
Phone: (678) 399-2385
Fax: (678) 399-2385
joyn@baxternesmith.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE

| | | |
|---|---|---|
| Leslie Dionne Hughes, | ) | CASE NO. 17-52260-LRC |
| | ) | |
| Debtor. | ) | CHAPTER 13 |
| | ) | |
| _____ | ) | |
| Leslie Dionne Hughes, | ) | |
| Movant. | ) | CONTESTED MATTER |
| vs. | ) | |
| Federal National Mortgage Association | ) | |
| ("Fannie Mae") and/or Seterus, Inc., | ) | |
| Respondent. | ) | |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that Leslie Dionne Hughes has filed an "Objection to Proof of Claim" and related papers with the Court.

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the objection in Courtroom 1204, United States Courthouse, 75 Ted Turner Drive, SW. Atlanta, Georgia 30303 at 1:45 p.m. on July 20, 2017.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.). If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You must also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

Dated: June 4, 2017

_____ /s/
Joy Nesmith, Attorney for Debtor
Georgia Bar No. 161502
Baxter & Nesmith, LLC
3300 Buckeye Road
Buckeye Tower, Suite 320
Atlanta, GA 30341
Phone: (678) 399-2385
Fax: (678) 399-2385

# EXHIBIT A

November  1, 2006


Property Address:

2270 Charleston Place
Lithia Springs, Ga 30122
Loans:  3010145575 and 0734948896

Washington Mutual, FA
Attention:  Ms. Dionne Gajadhar

Ms. Gajadhar

This is being sent to you as a follow-up to our previous conversations regarding the misrepresentations if not borderline deceptive manner in which Washington Mutual has handled the processing of the above listed loans.  The transactions have not produced what you and I discussed in your branch office in great detail.  The missing documents, late submission of other loan documents and now this latest unwelcome surprise from Washington Mutual is too much to take.  There is no justification for this ridiculous excuse for increasing my monthly payment to 1,301.55 nearly $500.00 more than the last unexpected increase; due to an escrow increase more than 90 days after a closing.  I pulled multiple years of the property taxes myself before writing the contract and there have been no increases and I prepaid the property insurance a year in advance and turned the letter in to the closing attorney, I have had the same insurance agent for more than a decade.   Washington Mutual had 45 days to submit any changes to escrow.  I have not received all required paper work from these two loan transactions to find the true reason for this madness, but there is something that is yet to be disclosed.  I have sent you a copy of that ridiculous letter so that you will understand my stating again in writing.  I do not wish to continue this business relationship, cancel the contracts as they have been wrought with errors and deception.  I wish the full return of all funds that I have paid into this disaster and I will seek financing elsewhere and if need be find another home.  Washington Mutual is not as advertised...


Leslie Hughes

# EXHIBIT B

April 29, 2017

Seterus, Inc.
PO Box 1077
Hartford, CT 06143

Property Address:
2270 Charleston Place
Lithia Springs, GA 30122
Seterus Created Loan # 29875273
Original and Only Loan Numbers:
#3010145575, #0734948896

**Certified Mail # 9590 9402 2184 6193 8308 30**

This notice is sent to further *memorialize* the formal written rescission that was confirmed delivered to Washington Mutual Bank November 1, 2006 at 12:26 pm, of the corresponding contracts, security deeds, notes and all other related transactions to the above listed loan numbers. I exercised my legal right to rescind the related transactions based upon provisions including but not limited to the relative sections of the Federal Truth In Lending Act (TILA) 15 U.S.C. §1635, Regulation Z, and various violations of the Georgia Fair Lending Act and Fraud.

The rescission of these contracts was both proper and timely. On January 13, 2015, according to the United States Supreme Court's Ruling in Jesinoski v. Countrywide Home Loans, Inc., the Note's and Deed's were rescinded and voided by operation of law as of November 1, 2006. Also, Washington Mutual did not respond nor dispute within 20 days of receipt. Regardless of whether the lender fulfilled its legal requirement to return all funds paid on the loans and reflect the termination of the security interest the loans no longer exists the contracts are void and any acts by any party based on the loan or contracts are illegal.

Further, all subsequent payments made by me on the above listed contracts were made under duress.

I am requesting the return of all monies paid and to take the necessary and appropriate action to reflect the termination of the security interests within the public land records.

Sincerely

Leslie Hughes
Loan #3010145575
Loan #0734948896



April 28, 2017

**Attn: CHASE Customer Service Research**
Mail Code: OH4-7302
P.O. Box 24696
Columbus, OH 43224-0696
Property Address:
2270 Charleston Place
Lithia Springs, GA 30122

Loan Numbers:
#3010145575, #0734948896

*Certified Mail # 9590 9402 2184 6193 8308 47*

This notice is sent to further *memorialize* the formal written rescission that was confirmed delivered to Washington Mutual Bank November 1, 2006 at 12:26 pm, of the corresponding contracts, security deeds, notes and all other related transactions to the above listed loan numbers.  I exercised my legal right to rescind the related transactions based upon provisions including but not limited to the relative sections of the Federal Truth In Lending Act (TILA) 15 U.S.C. §1635, Regulation Z, and various violations of the Georgia Fair Lending Act and Fraud.

The rescission of these contracts was both proper and timely. On January 13, 2015, according to the United States Supreme Court's Ruling in Jesinoski v. Countrywide Home Loans, Inc., the Note's and Deed's were rescinded and voided by operation of law as of November 1, 2006. Also, Washington Mutual did not respond nor dispute within 20 days of receipt. Regardless of whether the lender fulfilled its legal requirement to return all funds paid on the loans and reflect the termination of the security interest the loans no longer exists the contracts are void and any acts by any party based on the loan or contracts are illegal.

Further, all subsequent payments made by me on the above listed contracts were made under duress.

I am requesting the return of all monies paid and to take the necessary and appropriate action to reflect the termination of the security interests within the public land records.

Sincerely

Leslie Hughes
Loan #3010145575
Loan #0734948896

MAIN POST
OFFICE
APR 29 2017
USPS ATLANTA
GA 30304

April 29, 2017

Brock & Scott PLLC
4360 Chamblee Dunwoody Rd, Suite 310
Atlanta, GA 30341

Property Address:
2270 Charleston Place
Lithia Springs, GA  30122
*Original and Only Loan Numbers:*
*#3010145575, #0734948896*
*SETERUS #29875273 / B&S FILE NO. 16-13209*
*Certified Mail #  9590 9402 2184 6193 8307 62*

This notice is sent to further *memorialize* the formal written rescission that was confirmed
delivered to Washington Mutual Bank November 1, 2006 at 12:26 pm, of the corresponding
contracts, security deeds, notes and all other related transactions to the above listed loan
numbers.  I exercised my legal right to rescind the related transactions based upon provisions
including but not limited to the relative sections of the Federal Truth In Lending Act (TILA) 15
U.S.C. §1635, Regulation Z, and various violations of the Georgia Fair Lending Act and Fraud.

The rescission of these contracts was both proper and timely. On January 13, 2015, according to
the United States Supreme Court's Ruling in Jesinoski v. Countrywide Home Loans, Inc., the
Note's and Deed's were rescinded and voided by operation of law as of November 1, 2006.
Also, Washington Mutual did not respond nor dispute within 20 days of receipt. Regardless of
whether the lender fulfilled its legal requirement to return all funds paid on the loans and
reflect the termination of the security interest the loans no longer exists the contracts are void
and any acts by any party based on the loan or contracts are illegal.

Further, all subsequent payments made by me on the above listed contracts were made under
duress.

I am requesting the return of all monies paid and to take the necessary and appropriate action
to reflect the termination of the security interests within the public land records.

Sincerely

*Leslie Hughes*

Leslie Hughes
Loan #3010145575
Loan #0734948896
FNMA#1702040017

April 29, 2017

Seterus, Inc.
PO Box 1077
Hartford, CT 06143

Property Address:
2270 Charleston Place
Lithia Springs, GA 30122
Seterus Created Loan # 29875273
Original and Only Loan Numbers:
#3010145575, #0734948896

*Certified Mail #  9590 9402 2184 6193 8308 30*

This notice is sent to further ***memorialize*** the formal written rescission that was confirmed delivered to Washington Mutual Bank November 1, 2006 at 12:26 pm, of the corresponding contracts, security deeds, notes and all other related transactions to the above listed loan numbers.  I exercised my legal right to rescind the related transactions based upon provisions including but not limited to the relative sections of the Federal Truth In Lending Act (TILA) 15 U.S.C. §1635, Regulation Z, and various violations of the Georgia Fair Lending Act and Fraud.

The rescission of these contracts was both proper and timely. On January 13, 2015, according to the United States Supreme Court's Ruling in Jesinoski v. Countrywide Home Loans, Inc., the Note's and Deed's were rescinded and voided by operation of law as of November 1, 2006. Also, Washington Mutual did not respond nor dispute within 20 days of receipt. Regardless of whether the lender fulfilled its legal requirement to return all funds paid on the loans and reflect the termination of the security interest the loans no longer exists the contracts are void and any acts by any party based on the loan or contracts are illegal.

Further, all subsequent payments made by me on the above listed contracts were made under duress.

I am requesting the return of all monies paid and to take the necessary and appropriate action to reflect the termination of the security interests within the public land records.

Sincerely

Leslie Hughes
Loan #3010145575
Loan #0734948896



April 28, 2017

**Attn: CHASE Customer Service Research**
Mail Code: OH4-7302
P.O. Box 24696
Columbus, OH 43224-0696
Property Address:
2270 Charleston Place
Lithia Springs, GA  30122

Loan Numbers:
#3010145575, #0734948896

*Certified Mail #  9590 9402 2184 6193 8308 47*

This notice is sent to further *memorialize* the formal written rescission that was confirmed delivered to Washington Mutual Bank November 1, 2006 at 12:26 pm, of the corresponding contracts, security deeds, notes and all other related transactions to the above listed loan numbers.  I exercised my legal right to rescind the related transactions based upon provisions including but not limited to the relative sections of the Federal Truth In Lending Act (TILA) 15 U.S.C. §1635, Regulation Z, and various violations of the Georgia Fair Lending Act and Fraud.

The rescission of these contracts was both proper and timely. On January 13, 2015, according to the United States Supreme Court's Ruling in Jesinoski v. Countrywide Home Loans, Inc., the Note's and Deed's were rescinded and voided by operation of law as of November 1, 2006. Also, Washington Mutual did not respond nor dispute within 20 days of receipt. Regardless of whether the lender fulfilled its legal requirement to return all funds paid on the loans and reflect the termination of the security interest the loans no longer exists the contracts are void and any acts by any party based on the loan or contracts are illegal.

Further, all subsequent payments made by me on the above listed contracts were made under duress.

I am requesting the return of all monies paid and to take the necessary and appropriate action to reflect the termination of the security interests within the public land records.

Sincerely

Leslie Hughes
Loan #3010145575
Loan #0734948896

MAIN POST OFFICE
APR 29 2017
USPS ATLANTA, GA 30304

April 29, 2017

Federal National Mortgage Association
3900 Wisconsin Avenue NW
Washington, DC 20016-2892

Property Address:
2270 Charleston Place
Lithia Springs, GA 30122
*FNMA Loan No # 1702040017*
*Original and Only Loan Numbers:*
*#3010145575, #0734948896*

*Certified Mail #  9590 9402 2184 6193 8308 23*

This notice is sent to further *memorialize* the formal written rescission that was confirmed
delivered to Washington Mutual Bank November 1, 2006 at 12:26 pm, of the corresponding
contracts, security deeds, notes and all other related transactions to the above listed loan
numbers.  I exercised my legal right to rescind the related transactions based upon provisions
including but not limited to the relative sections of the Federal Truth In Lending Act (TILA) 15
U.S.C. §1635, Regulation Z, and various violations of the Georgia Fair Lending Act and Fraud.

The rescission of these contracts was both proper and timely. On January 13, 2015, according to
the United States Supreme Court's Ruling in Jesinoski v. Countrywide Home Loans, Inc., the
Note's and Deed's were rescinded and voided by operation of law as of November 1, 2006.
Also, Washington Mutual did not respond nor dispute within 20 days of receipt. Regardless of
whether the lender fulfilled its legal requirement to return all funds paid on the loans and
reflect the termination of the security interest the loans no longer exists the contracts are void
and any acts by any party based on the loan or contracts are illegal.

Further, all subsequent payments made by me on the above listed contracts were made under
duress.

I am requesting the return of all monies paid and to take the necessary and appropriate action
to reflect the termination of the security interests within the public land records.

Sincerely

Leslie Hughes
Loan #3010145575
Loan #0734948896
FNMA#1702040017

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Brock & Scott PLLC
4360 Chamblee Dunwoody Rd
Suite 310
Atlanta, GA 30341

9590 9402 2184 6193 8307 62

2. Article Number (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
5/1/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Federal Nat'l Mortgage Assoc.
3900 Wisconsin Ave NW
Washington, DC 20016-8192

9590 9402 2184 6193 8308 23

2. Article Number (Transfer from service label)

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
5/8

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Seterus, Inc.
758 Rainbow Rd
Winsor, CT 06095

9590 9402 2184 6193 8308 23

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Lori Benz   5/7/17

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CHASE (OH4-7120)
3415 Vision Dr
Columbus, OH 43219-6009

9590 9402 2184 6193 8308 47

2. Article Number (Transfer from service label)

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X Wayne Spence
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:           ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

# EXHIBIT C

```
*************************
***    TX REPORT    ***
*************************

TRANSMISSION OK

TX/RX NO              4341
CONNECTION TEL                96789457894
CONNECTION ID
ST. TIME             11/01 12:25
USAGE T              00'44
PGS. SENT            3
RESULT               OK
```

*Attn: Dionne*

**Washington Mutual**
HOME LOANS

P.O. Box 3139
Milwaukee, WI 53201-3139

October 19, 2006

ES:.08

Leslie D Hughes
6570 Coventry Pt
Austell, GA 30168-0000

RE: Loan Number: 3010145575
    Property Address: 2270 Charleston Pl
                      Lithia Springs GA 30122

Dear Leslie D Hughes :

Washington Mutual is committed to providing you with responsive and helpful loan service. As part of that commitment, we are writing to inform you about a change to your escrow account.

We are adjusting your monthly escrow payment to reflect a change in your property tax or property insurance premiums. Beginning 12/01/2006 your new monthly payment will be $1301.55. An Escrow Statement detailing this change will be mailed to you shortly.

If you have any questions, please contact one of our friendly Customer Service Specialists toll free at 1-866-926-8937. If you prefer, you may visit us online at www.wamu.com, where you'll find a wealth of home loan information at your fingertips.

Thank you for choosing Washington Mutual. It's our pleasure to serve you.

Sincerely,

Escrow Department
Washington Mutual Bank

November  1, 2006


Property Address:

2270 Charleston Place
Lithia Springs, Ga 30122
Loans:  3010145575 and 0734948896

Washington Mutual, FA
Attention:  Ms. Dionne Gajadhar

Ms. Gajadhar
This is being sent to you as a follow-up to our previous conversations regarding the misrepresentations
if not borderline deceptive manner in which Washington Mutual has handled the processing of the
above listed loans.  The transactions have not produced what you and I discussed in your branch office
in great detail.  The missing documents, late submission of other loan documents and now this latest
unwelcome surprise from Washington Mutual is too much to take.  There is no justification for this
ridiculous excuse for increasing my monthly payment to 1,301.55 nearly $500.00 more than the last
unexpected increase; due to an escrow increase more than 90 days after a closing.  I pulled multiple
years of the property taxes myself before writing the contract and there have been no increases and I
prepaid the property insurance a year in advance and turned the letter in to the closing attorney, I have
had the same insurance agent for more than a decade.   Washington Mutual had 45 days to submit any
changes to escrow.  I have not received all required paper work from these two loan transactions to find
the true reason for this madness, but there is something that is yet to be disclosed.  I have sent you a
copy of that ridiculous letter so that you will understand my stating again in writing.  I do not wish to
continue this business relationship, cancel the contracts as they have been wrought with errors and
deception.  I wish the full return of all funds that I have paid into this disaster and I will seek financing
elsewhere and if need be find another home.  Washington Mutual is not as advertised...


Leslie Hughes

# EXHIBIT D



**Chase**
P.O. Box 183222
Columbus, OH 43218-3222

February 12, 2016

Leslie D. Hughes
2270 Charleston Place
Lithia Springs, GA 30122-4004

**You're responsible for the debt on this mortgage loan**

Account:             3010145575
Property Address:    2270 Charleston Place
                     Lithia Springs, GA 30122-0000

Dear Leslie D. Hughes:

We received a letter from you on February 2, 2016, about your mortgage loan. This loan is a valid and legally enforceable financial obligation with us.

The loan was originated on July 5, 2006. We have the following details about this account:

| | |
|---|---|
| Unpaid Principal Balance | $0.00 |
| Accrued Interest from 9/1/2015 to 2/12/2016 | $0.00 |
| Escrow Advances | $0.00 |
| Other Fees and Advances | $28.00 |
| Subtotal | $28.00 |
| Suspense Amount | $0.00 |
| **Total** | $28.00 |

**This is not a payoff quote. Accrued interest, fees, corporate and escrow advances, payments received, and other charges may have been assessed or credited to the loan since the date of this letter.**

Enclosed are copies of the following documents:
- Note
- Security Instrument
- Loan Transaction History

Any information or document you requested that isn't included with this letter is either unavailable or considered proprietary.

On December 1, 2015, the servicing of this account was transferred to SETERUS, INC., 14523 SW MILLIKAN WAY, SUITE 200, BEAVERTON, OR 97005.

Here's more information about your loan

- Information about loan transactions can be found in the enclosed loan transaction history.

# EXHIBIT E



**seterus**™

PO Box 1077; Hartford, CT 06143-1077

**Business Hours (Pacific Time)**
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

**Payments**
PO Box 54420; Los Angeles, CA 90054-0420

**Correspondence, Inquiries, and Notices**
PO Box 1077; Hartford, CT 06143-1077

Phone: 866.570.5277
Fax: 866.578.5277
www.seterus.com

L266AS.1

HUGHES, LESLIE D
2270 CHARLESTON PL
LITHIA SPRINGS, GA 30122-4004

April 5, 2017
Loan number: 29875273
Serviced by Seterus, Inc.

Dear HUGHES, LESLIE D:

### Important information about your assistance request. Read carefully!

We are glad you asked us for assistance with your mortgage loan. We are ready to guide you through the process, and we congratulate you for taking the first critical step.

**If you intend to keep the property, we require and will establish an escrow account for payment of taxes and insurance in connection with your request for a mortgage loan modification. If you do not already have an escrow account, continue to pay your taxing authority and/or insurance provider until you receive an escrow account analysis from Seterus. You will be required to maintain this escrow account even if the loan is not modified.**

Contact us immediately if you or your property has been affected by a disaster, or if you are located in a federally declared disaster area. We cannot determine your eligibility for a loan modification or any other foreclosure-prevention assistance until we know the extent of the damage to the property and the hardship created by the disaster.

Please read this letter carefully so that you understand the evaluation process, and contact us if you have any questions.

At this time, your application is incomplete. This notice identifies documents we have received from you as of the date of this letter, and those we still need before we can start our decision-making process. All documents you provide will be acknowledged within five business days of receipt. If any submitted document is incomplete, expired, or invalid, we will notify you.

Seterus, NMLS ID Number: 787641. THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT, BUT NOTICE OF POSSIBLE ENFORCEMENT OF OUR LIEN AGAINST THE COLLATERAL PROPERTY. **COLORADO:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. **NEW YORK CITY:** 1411669, 1411665, 1411662. **TENNESSEE:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR.

# EXHIBIT F



PO Box 1077, Hartford, CT 06143-1077

| | | |
|---|---|---|
| **Statement Date** | | December 14, 2015 |
| **Account Number** | | 29875273 |

| | | |
|---|---|---|
| 🖥 Online | www.seterus.com | |
| ☎ Phone | 866.570.5277 | |
| ☎ Fax | 866.578.5277 | |
| ✉ Email | ExternalCommunications@seterus.com | |
| | *Response typically sent by U.S. Mail* | |

9-769-16960-0023731-005-2-010-010-000-000

**Borrower Information**

Property Address    2270 CHARLESTON PL
                    LITHIA SPRINGS GA 30122 4004

## Activity Since Last Statement

| Date | Description | Principal | Interest | Escrow | Late Charge/ Other Fees | Other | Suspense | Total |
|---|---|---|---|---|---|---|---|---|
| November 16, 2015 | Late Fee | $0.00 | $0.00 | $0.00 | -$43.26 | $0.00 | $0.00 | -$43.26 |
| December 7, 2015 | New Loan Set Up | -$119954.20 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | -$119954.20 |
| December 7, 2015 | Late Fee | $0.00 | $0.00 | $0.00 | -$369.82 | $0.00 | $0.00 | -$369.82 |
| December 9, 2015 | Prop Pres Expense | $0.00 | $0.00 | $0.00 | -$14.00 | $0.00 | $0.00 | -$14.00 |
| December 9, 2015 | Prop Pres Expense | $0.00 | $0.00 | $0.00 | -$14.00 | $0.00 | $0.00 | -$14.00 |
| December 9, 2015 | Adjustment | $0.00 | $0.00 | -$757.17 | $0.00 | $0.00 | $0.00 | -$757.17 |
| December 9, 2015 | Adjustment | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $19.52 | $19.52 |

*NEW Loan SET-UP*

## MSP® Explorer: History of Corporate Advance Tran (DDCH)

### 659 - SETERUS, INC.

Loan Number: 0029875273                              Borrower Name: HUGHES,LESLIE D

```
DDCH 0029875273    CORPORATE ADVANCE HISTORY SCREEN  269/001 08/17/16  15:41:19
LD HUGHES         L:C F:A B:  R:    10/01/15 TYPE CONV. RES.            MAN F
2270 CHARLESTON PL LITHIA SPRINGS GA 30122-4004
-------------------------------------------------------------- * END *---------
_____ C/A PAYEE    ____ TRAN    _____ RSN    ___ USR    _____ ESC PAYEE
  _ SORT            _ SORT        _ SORT      _ SORT           _ SORT
DATE RANGE: _____ THRU _____
                                           C/A                       ORIG
TRN USR  ID   DATE    TRAN AMT  ESC PAYEE  PAYEE RSN  DESCRIPTION     DISBDT
633 NIV 0010 081016      25.00  EA50051    39T57 FTSF TECH SUBMISSION
631 NIV 0009 072016      15.00  EB56411    39R57 FPIF PROP INSPECTION
631 NIV 0008 051816      15.00  EB56411    39R57 FPIF PROP INSPECTION
631 NIV 0007 042116      15.00  EB56411    39R57 FPIF PROP INSPECTION
631 NIV 0006 012016      15.00  EB56411    39R57 FPIF PROP INSPECTION
631 NIV 0005 122315      15.00  EB11937    39R57 FPIF PROP INSPECTION
745 52A 0004 120915      25.00             39T57 PXFR PSPERMITSXFERTAX
745 52A 0003 120915      78.00             39T57 PBPO PS BPO COSTS
745 52A 0002 120915      14.00             39R57 PPIF PSPROPINSPECTION
745 52A 0001 120915      14.00             39R57 PPIF PSPROPINSPECTION

** BEGINNING CORP ADV BALANCE:              0.00
** TOTAL OF TRANS DISPLAYED ON DDCH:      231.00
** OUTSTANDING CORP ADV BALANCE:          231.00
```

*Transfer Tax 12/9/2015* (handwritten)

# EXHIBIT G

# M Gmail

Leslie Hughes <allie1920@gmail.com>

## Fannie Mae

1 message

resource_center@fanniemae.com <resource_center@fanniemae.com>                                           Fri, Dec 30, 2016 at 5:48 PM
To: leslie.d.hughes@irs.gov
Cc: allie1920@gmail.com

Dear Ms. Hughes,

Thank you for contacting Fannie Mae. We have confirmed the ownership of your mortgage loan was transferred to Fannie Mae as of 09/01/2006. Please understand that Fannie Mae does not service your loan, so if you have questions about your loan, please contact your loan servicer. Additionally, please be advised that your request for your mortgage note or other loan documentation should be directed to your mortgage servicer.

If you have further questions regarding this matter, please call the Fannie Mae Resource Center at 1-800-2FANNIE (1-800-232-6643), Option 3, Monday through Friday, between the hours of 8 a.m. and 5 p.m., Eastern Time.

Thank you,

Royce
Fannie Mae Resource Center

# EXHIBT H

for CANC see bk 3080 pg 731

Page 1 of 7

4

WILLIAM T COX JR PC
107 ENTERPRISE PATH STE 204
HIRAM GA 30141

Doc ID: 001872470007 Type: 0LR
Filed: 08/03/2006 at 11:04:00 AM
Fee Amt: $101.50 Page 1 of 7
Intangible Tax: $79.50
Douglas County Georgia
Cindy Chaffin Clerk Superior Court

BK **2411** PG **18-24**

Recording requested by and
when recorded return to:
Consumer Loan Records Center
1170 Silber Rd.
Houston, TX 77055
Attn: Mailstop: CLRVLTTX

**Washington Mutual**

**WaMu Equity Plus™**
**SECURITY DEED**

Loan Number:   0734948896

THIS SECURITY DEED ("Security Instrument") is given on _____ July 6, 2006 _____. This
Security Instrument includes all Riders and other attachments hereto. The Grantor of this Security
Instrument is:
LESLIE D HUGHES

whose address is:
2270 CHARLESTON PL
LITHIA SPRINGS, GA 30122-4004
This Security Instrument is given to the following Grantee:
Washington Mutual Bank, a federal association, which is organized and existing under the laws of
the United States of America and whose address is 2273 N Green Valley Parkway, Suite #14,
Henderson, NV 89014 ("Lender") and its successors or assigns.

1.   Granting Clause. To secure the debt and obligations set forth below, Grantor hereby
grants and conveys to Lender and Lender's successors and assigns, with power of sale, the real
property in ____ DOUGLAS ____ County, Georgia, described below and all rights and interest
in it Grantor ever gets:

1

This Deed of Trust is second and subordinate to _____ first Deed of
Trust in the amount of $ _____ recording concurrently herewith.

Which currently has the address of _____ 2270 CHARLESTON PL
____ LITHIA SPRINGS _____, Georgia  30122-4004 ("Property Address").

Tax Parcel Number: _____ 0430-18-2-0-00041

30111 (12/01/05) w7.1                     BANK                          Page 1 of 7

BK    PG
2411  0024

0734948896

Grantor accepts and agrees to the provisions of this Security Instrument and any rider(s) executed by Grantor and recorded with it.

IN WITNESS WHEREOF Grantor has signed and sealed this Security Instrument.

Signed, sealed, and delivered in the presence of:

Unofficial Witness

_____(SEAL)
LESLIE HUGHES

Signed, sealed and delivered in the presence of:

Notary Public
My commission expires  Oct 3, 2008

DIONNE V GAJADHAR
Notary Public
Cobb County
State of Georgia
My Commission Expires Oct 3, 2008

(Affix Seal)

30111 (12/01/05) w7.1                          BANK                          Page 7 of 7

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE

| Leslie Dionne Hughes, | ) | CASE NO. 17-52260-LRC |
| | ) | |
| Debtor. | ) | CHAPTER 13 |
| | ) | |
| Leslie Dionne Hughes, | ) | |
| Movant. | ) | CONTESTED MATTER |
| vs. | ) | |
| Federal National Mortgage Association | ) | |
| ("Fannie Mae") and/or Seterus, Inc., | ) | |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I am more than eighteen years of age, and that on this day I served a copy of the within "Objection to Claim" and "Notice of Hearing" filed in this Bankruptcy Case upon the following by depositing a copy of same in the United States Mail with sufficient postage thereon to ensure delivery to:

Adam M. Goodman
Chapter 13 Trustee
260 Peachtree Street, NW
Suite 200
Atlanta, GA 30303

Leslie Dionne Hughes
2270 Charleston Place
Lithia Springs, GA 30122

Seterus, Inc.
P.O. Box 1047
Hartford, CT 06143

Mallory Velten, Attorney
Brock & Scott, PLLC
4360 Chamblee Dunwoody Rd
Suite 310
Atlanta, GA 30341

Federal National Mortgage
Association ("Fannie Mae")
1075 Peachtree Street, NE
Suite 1600
Atlanta, GA 30309

CT Corporation System
289 S Culver St
Lawrenceville, GA 30046-4805

Dated: June 4, 2017

_____ /s/
Joy Nesmith, Attorney for Debtor
Georgia Bar No. 161502
Baxter & Nesmith, LLC
3300 Buckeye Road
Buckeye Tower, Suite 320
Atlanta, GA  30341
Phone: (678) 399-2385
Fax: (678) 399-2385
joyn@baxternesmith.com