1

2   Leslie D. Hughes
    2270 Charleston Place

Filed in U.S. Bankruptcy Court
Atlanta, Georgia
M. Regina Thomas, Clerk

3   Lithia Springs, GA 30122
    770-639-9727

JUN 1 7 2020

By: _____
      Deputy Clerk

4

5

6                           UNITED STATES DISTRICT COURT

7                          NORTHERN DISTRICT OF GEORGIA

8                                ATLANTA DIVISION

9
    IN RE:                           )   Case No.: 17-52260-LRC CHAPTER 13
10                                    )
    LESLIE DIONNE HUGHES,             )   CASE NO. 17-5169-LRC
11                                    )   ADVERSARY
    DEBTOR                            )
12                                    )            -EMERGENCY-
                                      )
13                                    )
                                      )
14  _____  )   MOTION FOR SANCTIONS AND CONTEMPT

15

16          This motion is filed seeking an order of contempt, sanctions, and judgment Under 11 U.S.C. §§

17  105 and 362 and this Court's inherent power. Debtor respectfully moves for an order of contempt and

18  other relief against Nationstar Mortgage LLC d/b/a Mr. Cooper and counsel(s). Debtor supports this

19  motion with the attached exhibits. I ask the court to please incorporate the records of the above identified

20  Chapter 13 filings by reference.

21          I respectfully beg the Courts understanding as to the form of this Motion, and respectfully request

22  leave of the Court to amend if Motion is found deficient. Covid-19 and the mandated responses continue

23  to have a major affect on myself, and my family. I personally have had to isolate twice. My health during

24  this pandemic requires constant monitoring of blood clots, fevers, more pains than usually, etc.  I like so

25  many others consumers have and continue to deal with the financial loss implications of Covid-19 and the

26  loss of life due to covid.  All the while I am trying to stay optimistic like most people at this point in time,

27                                              1

28

loss of life due to covid. All the while I am trying to stay optimistic like most people at this point in time, *efforts apparently continued despite the bankruptcy stay and other current federal laws and mandates that forbid the prerequisite steps taken to wrongfully take the home I am currently isolated in with my minor daughter.*

### RELEVANT FACTS.

To mitigate the harm caused by the pandemic Covid-19, Congress enacted the Corona virus Aid, Relief, and Economic Security Act (the "CARES Act"), Public Law No. 116-136. The CARES Act provided Consumers with a foreclosure moratorium March 18 - May 17, 2020 and per Fannie Mae extended to June 30, 2020. Out of an abundance of caution and having not received a ruling from the Court I sent a written request to Mr. Cooper requesting 180 day forbearance (see exhibits), *having read complaints online of other homeowners receiving foreclosure notices and summons from Mr. Cooper even in states that joined the federal moratorium preventing foreclosures such as the orders issued by Florida's Governor.*

Nationstar Mortgage LLC d/b/a Mr. Cooper attended the February 24, 2020 in which the claim its validity and amount have been formally disputed with Seterus Inc, Fannie Mae and Mr. Cooper. Ms. Mallory Velten was the Counsel of record for all parties Nationstar d/b/a Mr. Cooper having transferred Seterus claim and called a Nationstar representative as a witness.

Also pending from the February hearing are multiple motions for sanctions against the original Claimants and Counsel for various improper filing in the land records and the Court related to the property of my estate, these issues have not been ruled on by the Court.

I received a notice of a Hearing from the law firm **of Robertson, Anschutz, Schneld & Crane, and LLC listing Andrea L. Betts as the attorney**. The Notice of Hearing was **filed 5/4/2020** seeking a relief from the automatic stay in order to foreclose on the home I currently occupy with my minor

daughter. The hearing date and time was set for June 9, 2020 at 1:15 pm in courtroom I204 according to the Notice. I received the notice in the mail towards the end of May.

This law firm claimed to represent Nationstar Mortgage LLC d/b/a Mr. Cooper. When last I was made aware Nationstar Mortgage LLC d/b/a Mr. Cooper was represented by Brock & Scott and counsel was Mallory Velton who was their Counsel at my hearing in February and during the span of this Chapter 13 filing.

The Notice of Hearing had attached to it, a Motion for Relief from Automatic Stay to have the bankruptcy stay "removed so that Mr. Cooper could foreclose". Also, there was a Corporate Assignment of Security Deed indicating "Recording Requested By: NATIONSTAR MORTGAGE DBA MR. COOPER. This Assignment was **dated April 16th, 2020**.

*Assignor: FEDERAL NATIONAL MORTGAGE ASSOCIATION, BY NATIONSTAR MORTGAGE LLC, IT'S ATTORNEY-IN-FACT.*

**ASSIGNEE: NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**

Apparently, *NATIONSTAR MORTGAGE DBA MR. COOPER* has recorded this assignment against my property into the Douglas County land records. My only notification of this is contained in the very poorly made copy of these documents finally mailed to me from the law firm Robertson, Anschutz, Schneld & Crane, and LLC

I had not received anything from the Courts as far as any Orders pertaining to the hearing from the Claim objection or the other pending matters that were before the Court, I could do nothing but panic as I saw myself homeless with my child in the middle of this pandemic. I was in isolation and being informed of a hearing to determine if I am going to lose my home by some unknown law firm claiming to now represent *NATIONSTAR MORTGAGE DBA MR. COOPER.*

I finally got through to a live person in the Bankruptcy Clerks office on 5-27-2020 at 3:30 pm and the lady I spoke with stated the Notice had been withdrawn and the hearing was cancelled on May 14, 2020.

As of today I still have not received written notice of the cancelled Hearing or any other correspondence or call from the law firm **Robertson, Anschutz, Scheld & Crane, LLC listing Andrea L. Betts as the attorney. I have not heard from Mr. Cooper.** I have however received a copy of "Notice of Appearance and Request for Notice filed by Albertelli Law, indicating they have also been retained on behalf of Nationstar Mortgage LLC d/b/a Mr. Cooper counsel is Cory P. Sims Esquire.

Because of the documented history of servicer abuses with this old WAMU account I could not find calm is the verbal information given on the phone from the clerk. I have been unable to sleep, get my blood pressure down, chest pains, headaches and now panic attacks. June 1, 2020 I sent an email to Christy Lee (Courtroom Deputy Clerk for Judge Lisa Ritchey Craig) to confirm what I was previously told and she was kind enough to respond the same day. I did not want to appear to rush the ruling from the Judge but was simply trying to calm my fears.

Cristy Lee was kind enough to confirm that "Judge Ritchey Craig has not entered any order on the pending matters heard on February 24, 2020". Also confirmed by Cristy Lee, "Yes, the docket reflects that the Motion was withdrawn on May 14, 2020 at Doc. No. 138" and that "Your Chapter 13 case, 17-52260 is an open Chapter 13 Case assigned to Judge Ritchey Craig."

However, Cristy Lee could not verify if Ms. Velten was no longer counsel "I do not have knowledge of Ms. Betts replacing Ms. Velten." How many law firms are presently representing Mr. Cooper? Who should I serve notice to? Who is now Counsel for Fannie Mae? There have been no reasonable disclosures or attempts to confer given the current circumstances and the parties involved.

**As the homeowner, there appears to be a** specific intent to wrongfully facilitate a non-judicial foreclosure of the my home and to make it more difficult for me, a Pro Se Debtor  to identify the actions being taken against my property and by whom, while I am waiting on a ruling from Judge Craige.

### AURGUMENTS AND AUTHORITIES

4

The misconduct of Mr. Cooper in this matter is a continuation of a larger pattern and practice of inappropriate mishandling of consumer mortgage transactions causing undue harm and harassment of homeowners.

"... lack of policies and procedures, Nationstar failed to conduct a "reasonable investigation" as required by 12 United States Code section 2605, subdivision (e), in response to a borrower dispute that was the subject of a consumer complaint received by the Department. This failure constitutes a violation of Financial Code section 22346, subdivision (a), and Financial Code section 50505, subdivision (a)."

**Nationstar Mortgage LLC d/b/a Mr. Cooper willfully filed** the deed assignment with full knowledge of the open bankruptcy.

If I read correctly, "When the **bankruptcy** petition is **filed** an automatic stay **against** the creation, perfection or enforcement of any lien **against** the **property** of the **estate** is put in place."

Nationstar Mortgage LLC d/b/a Mr. Cooper filed a deed of assignment against my home April 16, 2020; there is no corresponding power of attorney on file for the alleged authority authorizing Mr. Cooper to file the assignment on behalf of Fannie Mae.

Nationstar Mortgage LLC d/b/a Mr. Cooper is fully aware of the invalidity of the claim inherited from Seterus, Inc and has ignored the mandates placed upon the accounts acquired from Seterus from regulators.

On September 20th, 2019 State Regulators (including Georgia) finally through the Conference of State Bank Supervisors and the American Association of Residential Mortgage Regulators agreed to address enforcement concerns with Seterus in a collective and coordinated manner, working through the Multi-State Mortgage Committee ("MMC").

Seterus Inc. violations of both state and federal laws with respect to mortgage lending and servicing warranted the allowance of voluntarily surrendering mortgage servicing or other applicable licenses in all states in which Seterus was engaged in mortgage servicing activities requiring licensure.(See attached exhibit.)

1

2    However, this settlement was on the heels of countless class action suits filed against Seterus in

3    relation to its mortgage activity. After apparently as of February 28, 2019, Seterus was sold, including all

4    rights and certain liabilities, to Nationstar Mortgage LLC d/b/a Mr. Cooper ("Purchaser") and its entire

5    mortgage loan servicing portfolio was transferred to Nationstar.  Which means Nationstar now has the

6    same forged documents that Seterus had and Chase before Seterus etc.

7    Nationstar is among the most complained-about companies according to the Consumer Financial

8    Protection Bureau's reports on consumer complaints. Nationstar also earned distinction by being

9    assessed the largest civil penalty ever imposed by the CFPB for flawed records and reporting violations

10    of HDMA requirements.

11    Nationstar who is statically believed the only other non-bank entity that has rivaled Seterus in

12    class action suits, consumer complaints and consent orders for non compliance with federal and state

13    regulations with respect to mortgage transactions.

14    As far as I can tell by the corporate assignment attached to Doc. Entry #136 pg 34 filed by

15    Robertson, Anschutz, Schneid & Crane, LLC  listing Andrea L. Betts on behalf of Nationstar d/b/a Mr.

16    Cooper, the actual assignment was filed into the land records by Nationstar Mortgage DBA Mr. Cooper.

17    "actions taken in violation of the automatic stay are void," Sambo's Restaurants, Inc. v. Wheeler

18    (In re Sambo's Restaurants, Inc.), 754 F.2d 811, 816 (9th Cir. 1985).

19    Nationstar has not acted in good faith by its own conduct in this case. No Counsel has disclosed

20    any information since the hearing. As a Pro Se Debtor I do not have access to the Court docket under

21    isolation and mandates to stay home, Counsel and the Claimant does and would be fully aware of all

22    pending matters in the Chapter 13 filing.

23    Nationstar should not be allowed the excuse of error for filing the stay lift motion.  It was filed in

24    defiance of federal law and Fannie Mae written mandates causing great stress and strain to this already

25    battered Pro Se homeowner.

26

27    6

28

"A principal is subject to liability to a third party harmed by an agent's conduct when the agent's conduct is within the scope of the agent's actual authority or ratified by the principal; and (1) the agent's conduct is tortuous, or (2) the agent's conduct, if that of the principal, would subject the principal to tort liability." "An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." *In re Renfrow*, Nos. 17-10385-R, 17-1027-R, 2019 Bankr. *Renfrow*, at 80.

United States v. Flynn (In re Flynn), 185 B.R. 89, 93 (S.D.Ga.1995) (affirming $5,000 award of emotional distress damages, with no mention of corroborating testimony, because "it is clear that appellee suffered emotional harm" when she was forced to cancel her son's birthday party because her checking account had been frozen, even though the stay violation was brief and not egregious).

Violation of the automatic stay is presumed deliberate if the creditor has actual notice of the bankruptcy. Spinner v. Cash In A Hurry, LLC (In re Spinner), 398 B.R. 84, 94 (Bankr. N.D. Ga. 2008). Upon obtaining knowledge of the bankruptcy, the creditor bears the burden of not violating the automatic stay. Caffey, 384 B.R. at 307.

"Claims of emotional distress are actual damages, and Plaintiff's attestations are sufficient for this Court to make a finding of emotional distress." *In re Evans 15-3020-JCO citing In re Wassem,* 456 B.R. 566, 572 (Bankr. M.D. Fla. 2009).

The court may utilize its inherent contempt powers of § 524, and its statutory contempt powers of § 105 in issuing sanctions. *Hardy,* 97 F.3d at 1388–1390. A debtor is not required to provide corroborating medical evidence of emotional distress. *In re Johnson,* 2012 WL 3905176, at *7 (Bankr. S.D. Ala. Sept. 7, 2012) (*citing Wassem* at 572)

Punitive damages may also be awarded for contempt actions involving intentional and egregious conduct. *Johnson* at *7 (*citing Wassem,* 456 B.R. at 573)

Mr. Cooper's actions should be determined more egregious for the fact that this nation as a whole is in a national emergency and Mr. Cooper (Nationstar) is misrepresenting and misleading homeowners to their detriment of their Mr. Coopers efforts to assist. Nationstar has a history of this particular deception in the time of disasters. (See exhibits)

"The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws.   It gives the debtor a breathing spell from his creditors.   It stops all collection efforts, all plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." *IN RE: Dawson* citing *H.R.Rep. No. 95-595, at 340 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97; see also S.Rep. No. 95-989, at 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840-41 (same first paragraph)*

"*The consumer who seeks the relief of a bankruptcy court is an individual who is in desperate trouble The short term future that he faces can literally destroy the basic integrity of his household.   We believe that this individual is entitled to a focused and compassionate effort on the part of the legal system to alleviate otherwise insurmountable social and economic problems.   We believe that relief should be provided with fairness to all concerned but with due regard to the dignity of the consumer as an individual who is in need of help.*" IN RE: Dawson  citing *H.R.Rep. No. 95-595, at 173, reprinted in 1978 U.S.C.C.A.N. 5963, 6134.*

Not only has there been a violation of the bankruptcy stay  11 U.S.C. § 362, Mr. Copper violated the CARES act that was signed into federal law that forbids servicers of federally backed mortgage loans from ***initiating any*** judicial or nonjudicial foreclosure processes.

*To reduce the risk of widespread foreclosures, Congress passed the Coronavirus Aid, Relief, and Economic Security Act (CARES Act). Pub. L. No. 116-136 (Mar. 27, 2020).*

*CARES Act § 4022(c) (2) forbids servicers of federally backed mortgage loans from **"initiat[ing] any judicial or nonjudicial foreclosure process**, mov[ing] for a foreclosure judgment or order of sale, or execut[ing] a foreclosure-related eviction or foreclosure sale" through May 17, 2020.*

Nationstar d/b/a Mr. Cooper should not be allowed to place another cloud upon the title to my home..

A debtor is entitled to recover compensation for emotional harm resulting from a violation, even in the absence of any economic loss. *In re Feldmeier*, 335 B.R. 807, 813-814 (Bankr. D. Or. 2005)

A contemnor must generally reimburse a debtor's fees and costs incurred up until the time liability is determined and contempt is remedied. *See, e.g., America's Servicing Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 765 F.3d 1096 (9th Cir. 2014) (pending re-hearing enbanc).

**If a creditor refuses to admit liability**, it must reimburse a prevailing debtor's fees and costs incurred through trial and on prove up. *In re Culpepper*, 2013 Bankr. LEXIS 541, 2013 WL 501662 (Bankr. D. Or. Feb. 11, 2013) (compensating debtor $38,370.50 fees and costs through trial where creditor's delays and ultimate refusal to admit liability necessitated a full evidentiary hearing).

### PRAYER FOR RELIEF

I respectfully request the court to order the assignment recorded by Nationstar against the property of my estate in violation of the stay void and removed from the County land records.

An order that Nationstar Mortgage DBA Mr. Cooper and related Counsel is in contempt of the automatic stay.

If the Court determines that Nationstar indeed act with authority from Fannie Mae that I be allowed to amend to include Fannie Mae's conduct and agency.

Issue an order to compel Nationstar to disclose its legal interest and all Counsel representing its interest in this matter.

Sanctions and an award of damages both compensatory and punitive, fees, costs and expenses for **violating** of the automatic **stay.**

Issue an order to the Douglas County land records declaring the remnants of WAMU's fraud linked to my home satisfied and permanently enjoining future alleged selling.

Peace of mind after 14 years.

Any and all such other relief the Court determines is just and proper

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct

Dated this 16th of June, 2020

Leslie D. Hughes
2270 CHARLESTON PLACE
LITHIA SPRINGS GA 30122

# EXHIBITS

## 1 THRU 4

To:  Whom it may concern (Mr. Cooper)
From:  Leslie D. Hughes
Property Address:  2270 Charleston Place Lithia Springs GA 30122
Mr. Cooper #0660794629
Fannie Mae #:  1702040017
Re:  Request for Forbearance under the CARES Act.

I am Leslie Hughes and the owner and occupant of the property located at 2270 Charleston Place in Lithia Springs, GA 30122.

**I attest and affirm that I am experiencing a financial hardship caused by the COVID-19 emergency and request forbearance under the CARES Act for 180 days.**

I understand the CARES Act, provides for two kinds of relief:

CARES Act § 4022(b) requires servicers of federally backed mortgage loans to grant forbearance requests from borrowers "experiencing a financial hardship due, directly or indirectly, to the COVID-19 emergency."

CARES Act § 4022(c)(2) forbids servicers of federally backed mortgage loans from "initiat[ing] any judicial or nonjudicial foreclosure process, mov[ing] for a foreclosure judgment or order of sale, or execut[ing] a foreclosure-related eviction or foreclosure sale" through May 17, 2020. **This applies to occupied properties and does not require the homeowner to take any action.** On May 14, 2020, Fannie Mae, Freddie Mac, FHA, VA, and USDA all issued servicing guidelines that extend the foreclosure moratorium until **at least June 30, 2020**.

Please confirm that you received my request for forbearance under the CARES Act. I appreciate your help during this difficult time.


Thank You

*Leslie D. Hughes*

Leslie D. Hughes

*Exhibit 2*

**OFFICE OF THE ATTORNEY GENERAL**
**STATE OF FLORIDA**
**DEPARTMENT OF LEGAL AFFAIRS**

IN THE INVESTIGATION OF:

AG Case Number: L18-3-1229

Nationstar Mortgage LLC,
d/b/a Mr. Cooper,

      Respondent.

_____/

<u>**ASSURANCE OF VOLUNTARY COMPLIANCE**</u>

Pursuant to the provisions of Chapter 501, Part II, Florida Statutes, the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), the Office of the Attorney General, State of Florida, Department of Legal Affairs ("Attorney General") has investigated certain acts and practices of Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar"), related to enrollment of Florida Consumers into Forbearance Plans.

Nationstar enters into this Assurance of Voluntary Compliance ("AVC") with the Attorney General without an admission of wrongdoing and for the purpose of resolving this matter only. Pursuant to Section 501.207(6), Florida Statutes, the

1

Attorney General accepts this AVC in termination of its investigation of Nationstar's Forbearance Plan program in response to Hurricane Irma.

## 1. STIPULATED FACTS

1.1.    Nationstar is a Delaware limited liability company with its principal place of business at 8950 Cypress Waters Boulevard, Coppell, TX 75019. Nationstar engages primarily in mortgage servicing; it makes, funds, purchases, services, and collects on loans to Florida Consumers and nationwide. Nationstar's mortgage servicing business also includes loss mitigation services, such as assisting consumers in taking advantage of forbearance plans that were created and offered by Fannie Mae, Freddie Mac, and FHA in response to a natural disaster, including after Hurricane Irma.

1.2.    On September 4, 2017, Florida Governor Rick Scott, issued Executive Order Number 17-235 declaring a state of emergency in every county in the state of Florida in anticipation of Hurricane Irma, a category 4 storm.

1.3.    As Hurricane Irma approached Florida, many Florida Consumers incurred significant costs due to evacuation and / or purchase of emergency-preparedness commodities. Following Irma's landfall and statewide impact as a category 4 hurricane, many Florida Consumers: 1) lost power and / or internet access; 2) experienced disruption in employment and / or income; 3) incurred substantial costs for lodging and / or travel due to evacuation; and 4) paid substantial

2

sums of money for repairs to their homes, associated tree removal and other hurricane-related damage, and hefty homeowners' insurance deductibles.

1.4.    Due to these significant costs incurred in preparation for Hurricane Irma and for hurricane-related repair expenses to homes following the storm, in addition to associated financial distress, many Florida Consumers required assistance with their mortgage payments.

1.5.    In mid-September 2017, Nationstar began communicating with Florida Consumers to assess their need for assistance and offered to enroll them in a Forbearance Plan, which allowed consumers to refrain from making their monthly mortgage payments, or to make reduced payments, for three to six months.  The Forbearance Plan was represented to provide Florida Consumers relief from making their full monthly mortgage payments – during the term of the Forbearance Plan – without a reported delinquency.

1.6.    Nationstar initially communicated with Florida Consumers via outbound and inbound telephone communications and enrolled a number of Florida Consumers into Forbearance Plans pursuant to the terms as represented during this initial telephone communication.  Following enrollment in a Forbearance Plan by telephone, Nationstar confirmed the Forbearance Plan through a written communication sent to the applicable Florida Consumer.

3

1.7.    Nationstar enrolled approximately 19,500 Florida Consumers into Forbearance Plans.  Over 15,000 Florida Consumers were Current or Due for September when they enrolled into the Forbearance Plan.  Of those Florida Consumers that were Current or Due for September at enrollment, a significant number became delinquent immediately after expiration of the Forbearance Plan. Nationstar communicated or attempted to communicate with such consumers to resolve the delinquency through modifications or other workout solutions that were available pursuant to investor guidelines.  Certain consumers did not, however, enroll in a modification or other workout solution, and, in such cases, Nationstar demanded full payment of the forborne payments.

1.8.    The Attorney General received complaints from Florida Consumers enrolled in Forbearance Plans and opened an investigation into Nationstar's conduct. Some or all of these Florida Consumers who filed complaints alleged that Nationstar led them to believe the forborne payments during the Forbearance Plan (often three to six payments) would be added to the end of the loan to bring them current when the Forbearance Plan expired.  These consumers further alleged that Nationstar, instead of adding the forborne payments to the end of the loan, required the forborne payments to be repaid immediately after the Forbearance Plan expired, subjecting such consumers to instant delinquency and risk of foreclosure.

4

1.9.    Due to the risk of foreclosure, and at the Attorney General's request, Nationstar placed a foreclosure hold on any Florida Consumers' accounts that were Current or Due for September and had entered into a Forbearance Plan.

1.10.    This AVC is the result of Nationstar working cooperatively with the Attorney General.

## 2.    DEFINITIONS

2.1    "Florida Consumer" means any consumer that owns a property located in the State of Florida with a mortgage serviced by Nationstar.

2.2    "Forbearance Plan" means any disaster related forbearance plan offered to Florida Consumers in response to Hurricane Irma.

2.3    "Clear and Conspicuous" (including "Clearly and Conspicuously") means that a statement, representation, claim, disclosure, or term, collectively referred to as a "disclosure," being conveyed is easily noticeable and understandable. In order to be Clear and Conspicuous:

a.    a visual disclosure shall be presented in a manner so that it is sufficiently prominent because of its location on a page or document, type size, font, contrast to the background against which it appears, color, length of time it appears in an electronic format, or other characteristics, such that it stands out from any accompanying text or other visual elements and that it is easily noticed, read and

5

understood; disclosures that are on the back of a document or page, in lighter color, or in smaller type size than other disclosures, are not Clear and Conspicuous;

      b.      the disclosure shall be displayed in close proximity to the statement, representation, claim, or term it clarifies, modifies, explains, or to which it otherwise relates; disclosures that are accessed or displayed in online interactive media through hyperlinks, pop-ups, interstitials, or similar means are not "in close proximity;"

      c.      the disclosure shall be unavoidable and shall be placed within the advertising or offer at locations where the Consumer is sure to see or hear it and shall be repeated as often as necessary so that it is effective;

      d.      the disclosure shall be presented in a coherent and meaningful sequence with respect to other terms, representations, claims, or statements being conveyed;

      e.      the disclosure shall use language commonly understood by a Consumer;

      f.      the disclosure shall not be accompanied by distracting sounds, graphics, or text that compete for the attention of the Consumer; and

      g.      statements, representations, or messages contrary to, inconsistent with, or in mitigation of the disclosure shall not be used.

2.4    "Effective Date" means the date on which this AVC is fully executed by the parties.

2.5    "Current" means that the mortgage loan payment obligation for a Florida Consumer enrolled in a Forbearance Plan was up-to-date through August 1, 2017 and the payment due and payable on September 1, 2017 had been made by the Florida Consumer prior to enrolling in the Forbearance Plan.

2.6    "Due for September" means that the mortgage loan payment obligation for a Florida Consumer enrolled in a Forbearance Plan was up-to-date through August 1, 2017 and the payment due and payable on September 1, 2017 had not been made by the Florida Consumer prior to enrolling in the Forbearance Plan.

### 3.    JURISDICTION AND VENUE

3.1    The parties agree that the State of Florida has jurisdiction over Nationstar for the purposes of entering into this AVC and any enforcement actions arising out of this AVC.

3.2    It is further agreed by the parties that venue for any matters relating to or arising out of this AVC shall lie solely in Hillsborough County, Florida.

### 4.    COMPLIANCE TERMS

4.1    Nationstar is on notice and shall comply with the provisions of Chapter 501, Florida Statutes, specifically Sections 501.201 through 501.213, Florida

7

before enrollment in the Forbearance Plan and have since sent a complaint to Nationstar alleging that their credit has been negatively impacted. This action shall include, but is not limited to: correcting inaccurate reporting to the consumer reporting agencies, verifying that such action has occurred, and notifying the borrower about the issue.

5.7    Nationstar shall develop and implement enhanced training for all employees regarding disasters, disaster forbearance plans, the substantive provisions of this AVC, and how to proceed during declared states of emergency in the State of Florida.

## 6.  PROHIBITED CONDUCT

Nationstar, including its agents and employees, shall make no false or misleading representations in any communications or marketing to consumers about Forbearance Plans and any other disaster forbearance plans relating to future natural disasters.

## 7.    MONETARY RELIEF

### Restitution

7.1    Nationstar shall distribute restitution payments to Florida Consumers pursuant to Paragraphs 7.4 and 7.5 below.

11

agents, independent contractors, or other persons who are substantially affected by this AVC in a timely manner.

13.2    Nationstar shall complete any necessary training required by this AVC for any managers, members, officers, directors, employees, agents, independent contractors, or other persons in a timely manner.

13.3    The obligations imposed by this AVC are continuing in nature and shall apply to Nationstar's successors and assigns as well as any and all current or new officers, employees, agents, representatives or any other persons who become engaged in the business or activities of Respondents.

## 14.    CHANGES IN BUSINESS PRACTICES

Nationstar shall not alter either its business practices or the organizational identity of any existing business entity or create any new business entities as a method of avoiding the obligations and terms and conditions set forth in this AVC.

## 15.    NOTICE

Notice to any of the parties to this AVC as may be required shall made by certified mail at the addresses set forth below unless any party notifies the other parties in writing of another address to which notices should be provided.

To Nationstar:

Nationstar Mortgage LLC d/b/a Mr. Cooper
Attn: General Counsel
8950 Cypress Waters Blvd.
Coppell, Texas 75019

To the Attorney General:

Anthony S. Bradlow, Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
3507 East Frontage Road, Suite 325
Tampa, Florida 33607

**IN WITNESS WHEREOF**, Nationstar has caused this AVC to be executed by an authorized representative in the county and state listed below, as of the date affixed thereon.

**SIGNATURES ON SEPARATE PAGE(S)**

19

For the State of Florida:

PAMELA JO BONDI
Attorney General


PATRICIA A. CONNERS
Chief Deputy Attorney General
FL Bar No. 361275
Office of the Florida Attorney General
Capitol - Plaza Level - Room PL-01
Tallahassee, FL 32399
Tel: 850-245-0140
Fax: 850-487-2564

Accepted this ___12___ day of ___September___, 2018.


VICTORIA A. BUTLER
Director, Consumer Protection Division
FL Bar No. 861250
Office of the Florida Attorney General
3507 E. Frontage Road, Suite 325
Tampa, FL 33607
Tel: 813-287-7950
Fax: 813-281-5515

Accepted this ___18___ day of ___September___ 2018.


ANTHONY S. BRADLOW
Assistant Attorney General
FL Bar No. 104904
Consumer Protection Division
Office of the Florida Attorney General
3507 E. Frontage Road, Suite 325
Tampa, FL 33607
Tel: 813-287-7950
Fax: 813-281-5515

Accepted this ___14th___ day of ___September___, 2018.

20

For Nationstar Mortgage LLC d/b/a Mr. Cooper:

Steve Covington
EVP and Chief Compliance Officer

Accepted this 29th day of August, 2018.

21

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

U S BANK NATIONAL ASSOCIATION AS
TRUSTEE

Plaintiff,

vs.

HELEN SINGLETON

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

IN THE COURT OF COMMON PLEAS
9TH JUDICIAL CIRCUIT

CASE NO.: 2019-CP-10-849

**MOTION AND ORDER INFORMATION**

**FORM AND COVERSHEET**

| Plaintiff's Attorney: <br> _____, Bar No. _____ <br> Address: <br><br> Phone: _____ Fax _____ <br> E-mail: _____ Other: _____ | Defendant's Attorney: <br> _____, Bar No. _____ <br> Address: <br><br> Phone: _____ Fax _____ <br> E-mail: _____ Other: _____ |
|---|---|

☐ **MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐ **FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐ **PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

**SECTION I: Hearing Information**

Nature of Motion: _____
Estimated Time Needed: _____          Court Reporter Needed:   ☐ YES/ ☐ NO

**SECTION II: Motion/Order Type**

☐ Written motion attached
☐ Form Motion/Order
     I hereby move for relief or action by the court as set forth in the attached proposed order.


_____          _____
Signature of Attorney for ☐ Plaintiff / ☐ Defendant          Date submitted

**SECTION III: Motion Fee**

☐ PAID – AMOUNT: $ _____
☐ EXEMPT:          ☐ Rule to Show Cause in Child or Spousal Support
    (check reason)          ☐ Domestic Abuse or Abuse and Neglect
          ☐ Indigent Status      ☐ State Agency v. Indigent Party
          ☐ Sexually Violent Predator Act   ☐ Post-Conviction Relief
          ☐ Motion for Stay in Bankruptcy
          ☐ Motion for Publication   ☐ Motion for Execution (Rule 69, SCRCP)
          ☐ Proposed order submitted at request of the court; or,
          reduced to writing from motion made in open court per judge's instructions
          Name of Court Reporter: _____
          ☐ Other: _____

| **JUDGE'S SECTION** | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | JUDGE CODE _____ |
| ☐ Other: | Date: _____ |

**CLERK'S VERIFICATION**

Collected by: _____     Date Filed: _____
☐ MOTION FEE COLLECTED: $ _____
☐ CONTESTED – AMOUNT DUE: $ _____

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF CHARLESTON<br><br>U.S. Bank National Association as<br>Trustee, as Trustee for Velocity<br>Commercial Capital Loan Trust 2017-2<br><br>PLAINTIFF,<br>vs,<br><br><br>Helen Singletary<br><br><br>DEFENDANT, | IN THE COURT OF COMMON PLEAS<br><br>C/A NO: 2019-CP-10-0849<br><br>**Defendant's Renewal for Recusal,<br>Counter Claim, Motion for Discovery,<br>and Answer to Plaintiff's Motion for<br>Summary Judgment.** |

## Defendant's Renewal for Recusal, Counter Claim, Motion for Discovery, and Answer to Plaintiff's Motion for Summary Judgment.

Comes Now Defendant Helen Singletary renewing to this Honorable Court Defendant's 5/20/2019 Motion for Recusal.  In addition Defendant Answers Plaintiff's Motion for Summary Judgment and submits Defendant Counter Claim of Contractual Dispute between Defendant and Plaintiff.

Defendant kindly request this Honorable Court Recuse Judge Scarborough for the reasons stated in Motion submitted on 5/20/2019.

Defendant's Counter Claim is Plaintiff has breached the contract signed between Plaintiff and Defendant.  Defendant also amends to add Nation Star (aka Mr. Cooper) to the lawsuit because Plaintiff subcontracted with Mr. Cooper to perform duties where Mr. Cooper violated Plaintiff/Defendant's contractual agreement.  Plaintiff has denied Defendant the right to pay payments by means stated and agreed upon in the initial contract.  In addition Plaintiff has subcontracted to third party Mr. Cooper to collect who has breached the standing contract between Plaintiff and Defendant by adding additional illegal non-contracted fees without the consent or agreement of the Defendant in order to cover their own additional service fees causing irreparable damages and harm to Defendant.  Mr. Cooper (Nation star) has admitted to their illegal actions mentioned above and settled several lawsuits as a result for their illegal behavior.  Plaintiff through their agent Mr. Cooper illegally

altered Defendant's escrow account outside of the mortgage agreement by changing and inflating the property tax insurance and other assessments. Plaintiff through their agent who routinely and willfully violated SC Law and failed and refused to pay interest on escrow taken from Defendant. In addition Dodd Frank Wall Street Reform and Consumer Protection Act ("Frank Dodd"), Congress further made clear that state laws like SC's are to be given full force and effect, enacting 15. U.S.C. § 1639d(g)(3) in 2010, which states: "If proscribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as proscribed by that stat or Federal law." Plaintiff through its agent Mr. Cooper has failed to pay mandated interest. Federal Case 2:18-cv-04336 in New York, Case 3:18-cv-12085 New Jersey, 2:15-cv-01808 Washington, 8:19-cv-02333 Maryland, 1:2019-cv-01834 Ohio, Case 3:2019-cv-01902 Texas and a host of other cases show the Plaintiff's history of a pattern and practice of illegal mortgage actions against consumers. Plaintiff through its agent Mr. Cooper has failed and refused to send legible copies of Defendant's request for report of all activity on mortgage account. In 2013 the Consumer Financial Protection Bureau Warned Mortgage Servicers about consumer legal protections when transferring loans. Plaintiff has ignored the CFPB's warning of their legal obligations exhibit B. Defendant requests court ordered discovery to attain documents from Plaintiff. Defendant demands a jury trial to settle said dispute.

Defendant Motions to the court a request for discovery pursuant Rule SC RCP 26, 30, 31, 33, 34, and 36.

Finally, Defendant submits to the court that not only a genuine issue of a material fact still exist, but several issues in direct controversy still exists and forecloses upon Plaintiff's request for Rule 56. In addition documents have been submitted to the court that require a trial. The contractual dispute requires a court other than the Master in Equity to hear the case because it involves more than a simple conveyance of property. Plaintiff

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues.

Dated August, 13, 2019                    Respectfully submitted,

By: _____

2019·CF·10·849

## CERTIFICATE OF SERVICE

Defendants' hereby certify that the above documents have been mailed to the opposing council and all relevant parties with prepaid postage.

Dated: March 27, 2019.

Respectfully Submitted

Helen Singletary
(843)693-2823
4321 Waterview Circle
North Charleston, SC   29418

*Exhibit A*

## Matadi et al v. Nationstar Mortgage LLC

Filed: August 14, 2019 as 8:2019cv02333

**Plaintiff:** Jenny Matadi, Julien Matadi

**Defendant:** Nationstar Mortgage LLC

**Cause Of Action:** RESPA: Servicing of Mortgage Loans

**Court:** <u>Fourth Circuit</u> › <u>Maryland</u> › <u>US District Court for the District of Maryland</u>

**Type:** <u>Other Statutes</u> › <u>Other Statutory Actions</u>

## Robinson, et al vs Nationstar Mortgage, LLC

Filed: August 12, 2019 as 1:2019cv01834

**Defendant:** Nationstar Mortgage, LLC

**Plaintiff:** Kadian D. Robinson, Ruby D. Slaughter-Robinson

**Cause Of Action:** Fed. Question

**Court:** <u>Sixth Circuit</u> › <u>Ohio</u> › <u>US District Court for the Northern District of Ohio</u>

**Type:** <u>Other Statutes</u> › <u>Other Statutory Actions</u>

## El Bey v. Nationstar et al

Filed: August 9, 2019 as 3:2019cv01902

**Defendant:** Pacificbanc Mortgage, Nationstar, Mr Cooper and others

**Plaintiff:** Aubrey Gray El Bey

**Cause Of Action:** Civil Rights Act

**Court:** <u>Fifth Circuit</u> › <u>Texas</u> › <u>US District Court for the Northern District of Texas</u>

**Type:** <u>Contract</u> › <u>Contract: Other Contract</u>

## NATIONSTAR MORTGAGE LLC v. THOMAS et al

Filed: August 8, 2019 as 2:2019cv00361
**Defendant:** DAVID W THOMAS, DONNA M THOMAS
**Plaintiff:** NATIONSTAR MORTGAGE LLC
**Interested Party:** INTERNAL REVENUE SERVICE
**Cause Of Action:** Diversity-Breach of Contract
**Court:** First Circuit › Maine › US District Court for the District of Maine
**Type:** Real Property › Real Property: Foreclosure

**Callister et al v. Nationstar Mortgage LLC et al**
Filed: August 5, 2019 as 2:2019cv04157
**Plaintiff:** Amy K. Callister, William F. Callister
**Defendant:** Federal National Mortgage Association, Nationstar Mortgage LLC, Successor Trustee S&W Foreclosure Corporation
**Cause Of Action:** Federal Question: Other Civil Rights
**Court:** Eighth Circuit › Missouri › US District Court for the Western District of Missouri
**Type:** Civil Rights › Civil Rights: Other

**SCAFIDI v. NATIONSTAR MORTGAGE, LLC**
Filed: July 31, 2019 as 3:2019cv16162
**Plaintiff:** JOSEPH SCAFIDI
**Defendant:** NATIONSTAR MORTGAGE, LLC d.b.a CHAMPION MORTGAGE
**Cause Of Action:** Fed. Question
**Court:** Third Circuit › New Jersey › US District Court for the District of New Jersey
**Type:** Other Statutes › Other Statutory Actions

## Mistelske v. Equifax Information Services LLC et al

Filed: July 30, 2019 as 3:2019cv01827

**Defendant:** Experian Information Solution LLC, Equifax Information Services LLC, Nationstar Mortgage LLC and others

**Plaintiff:** Ronald Mistelske

**Cause Of Action:** Fair Credit Reporting Act

**Court:** Fifth Circuit › Texas › US District Court for the Northern District of Texas

**Type:** Other Statutes › Other Statutes: Consumer Credit

## Woodruff v. Mason McDuffie Mortgage Corporation et al

Filed: July 26, 2019 as 3:2019cv04300

**Defendant:** Citigroup Global Markets Inc., Texas Capital Bank NA, Cenlar and others

**Plaintiff:** Kevin-Paul El Woodruff

**Cause Of Action:** Fed. Question

**Court:** Ninth Circuit › California › US District Court for the Northern District of California

**Type:** Real Property › Real Property: Foreclosure

## Hamzehloo v. Experian Information Solutions, Inc. et al

Filed: July 26, 2019 as 2:2019cv01429

**Defendant:** Equifax Information Services, LLC, Experian Information Solutions, Inc., Nationstar Mortgage, LLC

**Plaintiff:** Saeid Hamzehloo

**Cause Of Action:** Fair Credit Reporting Act
**Court:** Ninth Circuit › California › US District Court for the Eastern District of California
**Type:** Other Statutes › Consumer Credit
**Savage v. SETERUS, INC., et al**
Filed: July 25, 2019 as 2:2019cv14256
**Defendant:** SETERUS, INC.,, Nationstar Mortgage LLC
**Plaintiff:** Susan Savage
**Cause Of Action:** Fair Debt Collection Act
**Court:** Eleventh Circuit › Florida › US District Court for the Southern District of Florida
**Type:** Other Statutes › Consumer Credit

**Caldwell v. Nationstar Mortgage, LLC et al**
Filed: July 24, 2019 as 1:2019cv01182
**Defendant:** Peyton Homes, LLC, Nationstar Mortgage, LLC
**Plaintiff:** Vann Caldwell
**Cause Of Action:** - Real Estate Settlement Proceedures Act
**Court:** Eleventh Circuit › Alabama › US District Court for the Northern District of Alabama
**Type:** Real Property › Real Property: Foreclosure
**Ken Morandi et al v. Nationstar Mortgage LLC**
Filed: July 23, 2019 as 2:2019cv06334
**Plaintiff:** Blanca Mercado, Ken Morandi
**Defendant:** Nationstar Mortgage LLC
**Cause Of Action:** Diversity-Other Contract

**Court:** Ninth Circuit › California › US District Court for the Central District of California
**Type:** Contract › Contract: Other
**HALLETT v. NATIONSTAR MORTGAGE LLC et al**
Filed: July 23, 2019 as 1:2019cv00343
**Plaintiff:** MICHAEL HALLETT
**Defendant:** FEDERAL NATIONAL MORTGAGE ASSOCIATION, NATIONSTAR MORTGAGE LLC
**Cause Of Action:** Fair Credit Reporting Act
**Court:** First Circuit › Maine › US District Court for the District of Maine
**Type:** Other Statutes › Consumer Credit
**DARTEE v. THE BANK OF NEW YORK MELLON CORPORATION et al**
Filed: July 23, 2019 as 2:2019cv15735
**Defendant:** NATIONSTAR MORTGAGE LLC DBA MR COOPER, JAMES M. GANNON, THE BANK OF NEW YORK MELLON CORPORATION and others
**Plaintiff:** FRANCISCUS DARTEE
**Interested Party:** FRANCISCUS MARIA DARTEE
**Cause Of Action:** Notice of Removal
**Court:** Third Circuit › New Jersey › US District Court for the District of New Jersey
**Type:** Real Property › Real Property: Foreclosure
**Casanova v. Nationstar Mortgage LLC.**
Filed: July 22, 2019 as 5:2019cv00873
**Plaintiff:** Tina Casanova
**Defendant:** Nationstar Mortgage LLC d/b/a Mr. Cooper

**Cause Of Action:** Foreclosure
**Court:** Fifth Circuit › Texas › US District Court for the Western District of Texas
**Type:** Real Property › Real Property: Foreclosure
**Horne v. Nationstar Mortgage LLC d/b/a Mr. Cooper et al**
Filed: July 22, 2019 as 1:2019cv00139
**Plaintiff:** Zalondra Y. Horne
**Defendant:** Nationstar Mortgage LLC d/b/a Mr. Cooper, Connie Cobb
**Cause Of Action:** Foreclosure
**Court:** Fifth Circuit › Texas › US District Court for the Southern District of Texas
**Type:** Real Property › Real Property: Foreclosure
**John Helmert, Jr. v. Cenlar FSB, et al**
Filed: July 19, 2019 as 19-60547
**Plaintiff / Appellant:** JOHN C. HELMERT, JR.
**Defendant / Appellee:** NATIONSTAR MORTGAGE, L.L.C., CENLAR FSB
**Court:** Fifth Circuit › U.S. Court of Appeals, Fifth Circuit
**Type:** Other Statutes › Other
**Shealey v. Nationstar Mortgage**
Filed: July 18, 2019 as 1:2019cv03264
**Defendant:** Nationstar Mortgage
**Plaintiff:** George O. Shealey
**Cause Of Action:** Real Estate Settlement Procedures Act

**Court:** Eleventh Circuit › Georgia › US District Court for the Northern District of Georgia

**Type:** Real Property › Real Property: Foreclosure

**Borrani v. Nationstar Mortgage LLC**

Filed: July 18, 2019 as 19-2204

**Defendant / Appellee:** Nationstar Mortgage LLC, DBA Mr. Cooper, Shapiro, Dicaro & Barak, LLC

**Plaintiff / Appellant:** Grace Borrani

**Court:** Second Circuit › U.S. Court of Appeals, Second Circuit

**Type:** Other Statutes › Other

**Campbell v. Nationstar Mortgage, LLC**

Filed: July 17, 2019 as 1:2019cv22970

**Defendant:** Nationstar Mortgage, LLC

**Plaintiff:** Maria Campbell

**Cause Of Action:** Fair Debt Collection Act

**Court:** Eleventh Circuit › Florida › US District Court for the Southern District of Florida

**Pena et al v. NATIONSTAR MORTGAGE, LLC**

Filed: July 17, 2019 as 0:2019cv61794

**Defendant:** Nationstar Mortgage, LLC

**Plaintiff:** Alexandra A. Pena, Luis Espinosa

**Cause Of Action:** Fair Debt Collection Act

**Court:** Eleventh Circuit › Florida › US District Court for the Southern District of Florida

**Type:** Other Statutes › Consumer Credit

**Nationstar Mortgage LLC v. Edward Kielty Trust, et al**

Filed: July 15, 2019 as 19-16390

**Defendant / Appellee:** EDWARD KIELTY TRUST
**Plaintiff / Appellant:** NATIONSTAR MORTGAGE LLC
**Defendant:** ALESSI & KOENIG LLC, SUMMIT HILLS HOMEOWNERS ASSOCIATION
**Court:** Ninth Circuit › U.S. Court of Appeals, Ninth Circuit
**Type:** Other Statutes › Other
**Pazos et al v. Nationstar Mortgage LLC**
Filed: July 12, 2019 as 6:2019cv01284
**Plaintiff:** KRISTEN PAZOS, ROBERT PAZOS
**Defendant:** Nationstar Mortgage LLC
**Cause Of Action:** Antitrust Litigation
**Court:** Eleventh Circuit › Florida › US District Court for the Middle District of Florida
**Type:** Other Statutes › Other Statutory Actions
**Gaya Holman v. Nationstar Mortgage, L.L.C., et al**
Filed: July 12, 2019 as 19-10779
**Plaintiff / Appellant:** GAYA HOLMAN
**Defendant / Appellee:** US BANK NATIONAL ASSOCIATION, as Successor Trustee to Bank of America NA, as Successor to Lasalle Bank, NA, as Trustee for the Holders of the Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1, NATIONSTAR MORTGAGE, L.L.C.
**Court:** Fifth Circuit › U.S. Court of Appeals, Fifth Circuit
**Type:** Other Statutes › Other

**Bishara Kakish v. Nationstar Mortgage LLC et al**
Filed: July 11, 2019 as 5:2019cv01273
**Plaintiff:** Bishara Kakish
**Defendant:** National Mortgage LLC, Does 1 through
10, inclusive
**Cause Of Action:** Notice of Removal
**Court:** Ninth Circuit › California › US District Court for
the Central District of California
**Type:** Real Property › Real Property: Other
**Griffiths v. Bennett et al**
Filed: July 11, 2019 as 3:2019cv00503
**Defendant:** PFI Services, Inc., Cyprexx Services,
LLC, Dorothy A Bennett and others
**Plaintiff:** Charles W. Griffiths
**Cause Of Action:** Federal Question
**Court:** Fourth Circuit › Virginia › US District Court for
the Eastern District of Virginia
**Type:** Contract › Contract: Other
**McAlpin et al v. Nationstar Mortgage et al**
Filed: July 10, 2019 as 6:2019cv00046
**Defendant:** John Does 1-10, Nationstar Mortgage
**Plaintiff:** Dennis McAlpin, Carrie McAlpin
**Cause Of Action:** Fair Debt Collection Act
**Court:** Ninth Circuit › Montana › US District Court for
the District of Montana
**Type:** Other Statutes › Consumer Credit
**Gjerman v. Nationstar Mortgage LLC et al**
Filed: July 10, 2019 as 3:2019cv01272

**Defendant:** DOES 1-10, Federal National Mortgage Association, Inc., Nationstar Mortgage LLC
**Plaintiff:** Lori Gjerman
**Cause Of Action:** Truth in Lending
**Court:** Ninth Circuit › California › US District Court for the Southern District of California
**Type:** Real Property › Real Property: Other
**LaFave v. Nationstar Mortgage LLC**
Filed: July 9, 2019 as 0:2019cv01801
**Defendant:** Nationstar Mortgage LLC
**Plaintiff:** Theresa LaFave
**Cause Of Action:** Petition for Removal- Foreclosure
**Court:** Eighth Circuit › Minnesota › US District Court for the District of Minnesota
**Type:** Real Property › Real Property: Foreclosure
**Van Romburgh v. Nationstar Mortgage LLC**
Filed: July 8, 2019 as 1:2019cv01962
**Plaintiff:** Ansa M. Van Romburgh
**Defendant:** Nationstar Mortgage LLC
**Cause Of Action:** Diversity-Breach of Contract
**Court:** Tenth Circuit › Colorado › US District Court for the District of Colorado
**Type:** Real Property › Real Property: Other

*Exhibit 4*

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                         *
IN THE MATTER OF:                        *
                                         *
SETERUS, INC.                            *          SETTLEMENT AGREEMENT
NMLS # 787641                            *          AND CONSENT ORDER
                                         *
     ("Seterus")                         *
                                         *
* * * * * * * * * * * * * * * * * * * * * * * *
```

**WHEREAS,** from at least January 1, 2014 through and including February 28, 2019 (the "Relevant Period"), Kyanite Services, Inc. ("Kyanite") was the parent of Seterus, Inc. ("Seterus"), a Delaware corporation with a main office at 3039 Cornwallis Road, Building 203 #AA145, Research Triangle Park, North Carolina, through February 28, 2019;

**WHEREAS,** during the Relevant Period, Seterus was licensed as a mortgage servicer, mortgage lender servicer, debt collector, third party loan servicer, consumer loan company, and mortgage lender under the respective laws of several states, including Connecticut, Florida, Georgia, Massachusetts, Rhode Island, Washington and West Virginia ("Examining States");

**WHEREAS,** as of February 28, 2019, Seterus was sold, including all rights and certain liabilities, to Nationstar Mortgage LLC d/b/a Mr. Cooper ("Purchaser") and its entire mortgage loan servicing portfolio was transferred to Purchaser.

**WHEREAS,** all references to Seterus during the Relevant Period mean the company as it existed until February 28, 2019, and references to Seterus thereafter, or of its current acknowledgement, obligation or commitment, refer to Kyanite;

**WHEREAS,** the mortgage regulators of the Examining States ("State Regulators") are members of the Conference of State Bank Supervisors and the American Association of Residential Mortgage Regulators, and have agreed to address enforcement concerns with Seterus in a collective and coordinated

manner, working through the Multi-State Mortgage Committee ("MMC"). The State Regulators and Seterus are collectively referred to herein as the "Parties";

**WHEREAS,** from August 15, 2016 to August 26, 2016, the Examining States conducted a full-scope, mortgage-servicing examination into the activities of Seterus to determine its compliance with applicable State and Federal laws and regulations, financial condition, and the adequacy of policies and procedures and control and supervision of its licensed mortgage loan servicing operations;

**WHEREAS,** the examination review period was from April 1, 2014 to March 31, 2016. Selected financial information in the Report of Examination ("ROE") was updated through June 30, 2016, and additional operations and activity by Seterus through the execution of the Settlement Agreement and Consent Order ("Consent Order") were also considered;

**WHEREAS,** as a result of such examination, the State Regulators issued an ROE, dated August 16, 2016, alleging several findings of non-compliance by Seterus with industry standards and State and Federal laws and regulations;

**WHEREAS,** on October 16, 2017, Seterus provided a response to the ROE disputing certain purported findings as inaccurate or incorrect;

**WHEREAS,** the Parties acknowledge and agree that the State Regulators have legal authority to initiate administrative actions or judicial proceedings against Seterus based on the conduct within the ROE. However, the parties agree to resolve the alleged deficient conduct of Seterus identified within the ROE and provided herein through this Consent Order;

**WHEREAS,** the State Regulators allege that from April 2014 to June 2016, Seterus committed certain violations of State and Federal laws and regulations as set forth in the ROE including failing to timely respond to qualified written requests in violation of Section 1024.36(d)(2) of the Real Estate Settlement Procedures Act, 12 CFR Part 1024 ("RESPA"), failing to exercise reasonable diligence in obtaining documents and information to complete loss mitigation applications in violation of Section 1024.41(b)(1) of RESPA, failing to timely acknowledge receipt of borrower loss mitigation applications in violation of Section 1024.41(b)(2)(i)(B) of RESPA, failing to include in notices a reasonable date by

- 2 -

which borrowers should submit documents and information necessary to make loss mitigation

applications complete in violation of Section 1024.41(b)(2)(ii) of RESPA, failing to obtain audits

pursuant to the Uniform Single Audit program for Mortgage Bankers as approved by the Mortgage

Bankers Association of America, failing to file accurate reports, failing to provide access to books and

records, failing to update a change to a Nationwide Multistate Licensing System and Registry ("NMLS")

disclosure question within ten (10) days of such change, collecting a late fee that exceeded the contractual

maximum amount allowed and failing to implement a compliance management system and formal audit

program to effectively manage the compliance and business risk of its consumer collections operations;

**WHEREAS,** Seterus, based upon an internal audit disclosed during the examination, further

self-reported to the Examining States that it (the below hereinafter referred to as "Additional Conduct"):

(a)   improperly collected late fees in excess of Six Million Dollars ($6,000,000) from over fifty
thousand (50,000) borrowers, from a period of time commencing in 2013, up to and including
2016; and

(b)   identified issues with its loss mitigation application acknowledgement process and responsive
letter sent in error (hereinafter the "L266 letter"), or with inaccuracies or other deficiencies in
their L266 letters to consumers;

**WHEREAS,** Seterus continued to disclose to the Examining States results from its internal audit

and has further represented that it had performed the following forms of remediation:

(a)   distributed restitution in excess of Six Million Dollars ($6,000,000) as of the date of this
Consent Order, further representing that all borrowers that were impacted by the improperly
charged and collected late fees would be refunded in full;

(b)   made enhancements to its L266 letter production process; and

(c)   installed and/or enhanced the quality controls process for the L266 letters including, but not
limited to, installing a population tracker, tracking corrections, enhancing review of
documents for accuracy and periodically sampling letters for compliance.

**WHEREAS,** Seterus further represents that it is engaged in and remains in the process of

negotiating the restitution and otherwise full remediation towards consumers adversely impacted by the

improper and incorrect L266 letters and other issues involved with the loss mitigation application

- 3 -

acknowledgement process, which customer remediation is set to be wholly addressed as part of a separate and distinct matter;

**WHEREAS,** the Examining States believe that the failure of Seterus to comply with provisions of the laws of the Examining States and applicable Federal laws constitutes grounds for administrative action, including, but not limited to, the imposition of administrative fines or civil penalties, up to suspension or revocation of a license or registration granted by an Examining State, specifically Seterus's mortgage servicer license (CT), mortgage lender servicer license (FL), mortgage lender license (GA), debt collector license (MA), debt collector registration and third party loan servicer license (RI), consumer loan company license (WA) and mortgage lender license (WV);

**WHEREAS,** the Parties acknowledge the possible consequences of formal administrative or judicial proceedings, and the risks and expenses involved in such proceedings, and Seterus voluntarily agrees to consent to the entry of the sanctions imposed below solely for the purpose of obviating the need for formal administrative and judicial proceedings concerning the allegations set forth herein and without admitting any of the allegations set forth herein;

**WHEREAS,** the Parties now desire to resolve the matters set forth herein;

**WHEREAS,** Seterus specifically assures the State Regulators that Seterus will not engage in the violations alleged herein in the future;

**WHEREAS,** Seterus and/or Purchaser has voluntarily surrendered Seterus' mortgage servicing or other applicable licenses in all states in which Seterus was engaged in mortgage servicing activities requiring licensure;

**WHEREAS,** Seterus has been advised that the acceptance of said licensure surrender by the Examining States is conditioned, in part, on the execution of this Consent Order;

**WHEREAS,** Seterus acknowledges that this Consent Order is a public record and is a reportable event for purposes of the regulatory disclosure questions on NMLS, as applicable;

**WHEREAS,** Seterus, through its execution of this Consent Order, voluntarily agrees to waive its procedural rights as they concern any aspect of this Consent Order, including a right to a notice and an

- 4 -

opportunity for a hearing and/or judicial proceedings as they pertain to the allegations set forth herein, and voluntarily waives its right to seek judicial review or otherwise challenge or contest the validity of this Consent Order;

**WHEREAS,** Seterus voluntarily agrees to consent to the entry of the terms imposed herein without admitting any liability, fault or wrongdoing and solely for the purpose of resolving this matter and obviating the need for further formal administrative proceedings concerning the allegations in the Order and Notice and set forth herein;

**AND WHEREAS,** Kyanite represents that, as the parent of Seterus during the Relevant Period, it has authority to enter into this Consent Order, and that the person signing this Consent Order on behalf of Kyanite is duly authorized to execute this Consent Order for conduct occurring prior to February 28, 2019.

**NOW THEREFORE,** by this Consent Order, having been negotiated by the Parties in order to resolve the issues identified herein without incurring the costs, inconvenience and delays associated with protracted administrative and judicial proceedings, the Examining States hereby **ORDER**:

## I. CIVIL PENALTY

1.  *Civil Penalty:* No later than the date this Consent Order is executed by Seterus, it shall remit the sum of Three Hundred Fifty Thousand Dollars ($350,000) as a civil penalty, to be divided equally among the State Regulators of the Examining States. Seterus shall pay this civil penalty by the means designated by each of the State Regulators.

## II. COMPLIANCE MEASURES

2.  *Cease and Desist:* Seterus shall cease and desist from failing to timely respond to qualified written requests in violation of Section 1024.36(d)(2) of the Real Estate Settlement Procedures Act, 12 CFR Part 1024 ("RESPA"), failing to exercise reasonable diligence in obtaining documents and information to complete loss mitigation applications in violation of Section 1024.41(b)(1) of RESPA, failing to timely acknowledge receipt of borrower loss mitigation applications in violation of Section 1024.41(b)(2)(i)(B) of RESPA, failing to include in notices a reasonable date by which borrowers should submit documents and information necessary to make loss mitigation applications complete in violation of Section 1024.41(b)(2)(ii) of RESPA, failing to obtain audits pursuant to the Uniform Single Audit program for Mortgage Bankers as approved by the Mortgage Bankers Association of America, failing to file accurate reports, failing to provide access to books and records, failing to update a change to a Nationwide Multistate Licensing System and Registry ("NMLS") disclosure question within ten (10) days of such change, collecting a late fee that

exceeded the contractual maximum amount allowed, and failing to implement a compliance management system and formal audit program to effectively manage the compliance and business risk of its consumer collections operations. Seterus shall further cease and desist from engaging in any of the aforestated additional conduct.

3.     *Accounting of Restitution of Late Fees*:  Within sixty (60) calendar days following the effective date of this Consent Order, Seterus shall submit to the Examining States a report in Excel format containing, at a minimum, the following loan information for each borrower adversely impacted by the improperly changed and collected late fees:  the name of the borrower, the loan account number, the amount offered, the amount paid, the method of payment, and the state of the property subject to the mortgage. On that same date, Seterus will provide an executed affidavit confirming that all impacted borrowers have been remediated.

### III. GENERAL PROVISIONS

4.     *Jurisdiction*:  Pursuant to the licensing and supervision laws of the Examining States, the State Regulators have jurisdiction over Seterus as described herein and may enforce the terms of this Consent Order thereon unless otherwise stated in this Consent Order.

5.     *Binding Nature*:  The terms of this Consent Order shall be legally binding upon Kyanite's officers, owners, directors, employees, heirs, successors and assigns. Notwithstanding, for avoidance of any doubt, the obligations under this Consent Order shall not apply to Purchaser, or any of its officers, owners, directors, employees, heirs, ,successors, or assigns.

6.     *Standing and Choice of Law*:  Each State Regulator has standing to enforce this Consent Order in the judicial or administrative process otherwise authorized under the laws and regulations of the corresponding Examining State. Upon entry, this Consent Order shall be deemed a final order of each respective State Regulator unless adoption of a subsequent agreement is necessary under the terms of the corresponding state. In the event of any disagreement between any State Regulator and Seterus regarding the enforceability or interpretation of this Consent Order and compliance therewith, the courts or administrative agency authorized under the laws of the respective state shall have exclusive jurisdiction over the disputes, and the laws of such state shall govern the interpretation, construction and enforceability of this Consent Order.

7.     *Adoption of Subsequent Orders to Incorporate Terms*:  A State Regulator, if deemed necessary under the laws and regulations of the respective state, may issue a separate administrative order to adopt and incorporate the terms and conditions of this Consent Order.

8.     *Titles*:  The titles used to identify the paragraphs of this Consent Order are for the convenience of reference only and do not control the interpretation of this Consent Order.

9.     *Counterparts*:  This Consent Order may be executed in separate counterparts. A copy of the signed Consent Order shall be given the same effect as the originally signed Consent Order.

10.    *Final Agreement*:  This Consent Order supersedes any prior oral or written discussion or agreement and constitutes the entire agreement between the Parties relating to the ROE. Upon issuance of this Consent Order by each State Regulator, this matter will be resolved with the respective State Regulator and such State Regulator will not take any future enforcement action against Seterus, Kyanite, or Purchaser, their successors or assigns, or any of their officers, owners, directors, employees, heirs, successors, assigns, parents, or affiliates based upon the allegations set forth

herein, provided that issuance of this Consent Order is without prejudice to the right of a State Regulator to take enforcement action against Seterus based upon a violation of this Consent Order or the matters underlying its entry, if a State Regulator determines that compliance with the terms herein is not being observed or if any representation made by Seterus and reflected herein is subsequently discovered to be untrue. Nothing in this Consent Order shall be construed as limiting a State Regulator's ability to take enforcement action against Seterus based upon evidence indicating that Seterus withheld information from, or made any misstatement or omission to a State Regulator in connection with this matter.

11. *Enforcement; No Restriction on Existing Examination and Investigation Authority*: This Consent Order shall in no way preclude any Examining State from exercising its examination or investigation authority under the laws of the corresponding Examining State in the instance a determination is made wherein Seterus is found not to be adhering to the requirements of this Consent Order, other than inadvertent and isolated errors that are promptly corrected by Seterus, or involving any unrelated matter not subject to the terms of this Consent Order. Nor shall the provisions of this Consent Order limit, estop, or otherwise prevent any other state agency or department, from taking any other action affecting Seterus and/or any of its officers, directors or managers. Provided Seterus complies with the terms of the Consent Order, the State Regulators agree that they will not seek additional penalties related to the allegations contained in the Order. Furthermore, nothing in the Consent Order prohibits the State Regulators from taking administrative action on new issues discovered during the pendency of the Consent Order, or thereafter.

12. *Noncompliance*: That, notwithstanding any other relief to the contrary, if Seterus fails to comply with the terms and conditions of this Consent Order, the State Regulators may pursue any action allowed by law concerning the conduct and compliance violations stated in the ROE, such action including, but not limited to, suspension or revocation of a license issued by the State Regulators to Seterus, imposition of a civil money penalty against Seterus, or any other remedy allowed by law. The Parties agree that the failure of Seterus to comply with any term or condition of this Agreement with respect to a particular State shall be treated as a violation of an Order of the State and may be enforced as such. Moreover, Seterus acknowledges and agrees that this Agreement is only binding on the State Regulators and not any other Local, State or Federal Agency, Department or Office.

13. *Sharing of Information and Cooperation*: The Examining States may collectively or individually request and receive any information or documents in the possession of the MMC. This Consent Order shall not limit Seterus's obligations, as a licensee of an Examining State, to cooperate with any examination or investigation in any Examining State.

14. *Public Statements*: Seterus shall not take any action or make or permit to be made any public statement, including in regulatory filings or otherwise, denying, directly or indirectly, any allegation referenced in this Consent Order or create the impression that this Consent Order is without factual basis. However, nothing in this paragraph shall prevent Seterus, Kyanite, or any of their officers, owners, directors, employees, heirs, successors, assigns, parents, or affiliates from making or refuting any statement in connection with any criminal, civil, administrative, or private litigation, investigation or action initiated against Kyanite or Seterus by any other party other than one of the Examining States.

15. *Licensure*: Subject to the foregoing, and so long as this Consent Order is promptly disclosed by Seterus or Kyanite and its control persons on NMLS, as applicable, nothing in the issuance of this Consent Order shall adversely affect the ability of Seterus or Kyanite to apply for or obtain licenses or renewal licenses to act as a mortgage servicer (CT), mortgage lender servicer (FL), mortgage

lender (GA), debt collector (MA), debt collector and third party loan servicer (RI), consumer loan company (WA) and mortgage lender (WV), provided all applicable legal requirements for any such licenses are satisfied. Further, at the sole discretion of the Examining States, any licensure application by Seterus may be required to be supported by documentary evidence showing that all of the above-referenced violations have either been remediated in full by Seterus prior to the sale and transfer of the servicing portfolio or as a function of said sale and transfer of the servicing portfolio to Nationstar Mortgage LLC d/b/a Mr. Cooper and fully agrees to cooperate and assist a requesting Examining State with the furnishing of said proof of compliance.

16. *Release*: Upon issuance of this Consent Order by the Examining States, this matter will be resolved and the Examining States will not take any future enforcement action against Seterus, Kyanite, or Purchaser, or any of their officers, owners, directors, employees, heirs, successors, assigns, parents, or affiliates and/or their past or present parents, successors or assigns based upon the allegations set forth herein, the ROE or the Additional Conduct; provided that the issuance of this Consent Order is without prejudice to the right of the Examining States to take enforcement action against Seterus or Kyanite based upon a finding that Seterus has materially failed to comply with the terms herein, if any material knowing misrepresentation is made by Seterus or Kyanite, or is subsequently discovered to be untrue.

17. *Effective Date*: This Consent Order shall become effective upon execution by all Parties.

It is so **ORDERED**.

I, _Leslie Peeler_, state on behalf of Kyanite as the parent of Seterus through

February 28, 2019 ("Kyanite"), that I have read the foregoing Settlement Agreement and Consent Order;

that I know and fully understand its contents; that I am authorized to execute this Settlement Agreement

and Consent Order on behalf of Kyanite; that Kyanite agrees freely and without threat or coercion of any

kind to comply with the sanctions entered and terms and conditions ordered herein; and that Kyanite

voluntarily agrees to enter into this Settlement Agreement and Consent Order, expressly waiving the

procedural rights set forth herein as to the matters described herein.

Name: Leslie Peeler
Title: President
Kyanite Services, Inc.

State of: Texas

County of: Dallas

On this the 7 day of August 2019, before me, Leslie Peeler , the

undersigned officer, personally appeared Leslie Peeler who acknowledged

himself/herself to be the President of Kyanite Services, Inc., a corporation and prior

parent company of the subsidiary Seterus, Inc., a corporation, and that he/she as such

President , being authorized so to do, executed the foregoing instrument for the purposes

therein contained, by signing the name of the corporation by himself/herself as President .

In witness whereof I hereunto set my hand.

Notary Public
Date Commission Expires: June 5, 2023

FRANCES ELIZABETH GUEST
Notary ID #130250477
My Commission Expires
June 5, 2023

- 10 -

