**IT IS ORDERED as set forth below:**



**Date: July 15, 2021**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| **IN THE MATTER OF:** | : | **CASE NUMBER** |
|---|---|---|
| | : | |
| LESLIE DIONNE HUGHES, | : | 17-52260-LRC |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 13 OF THE |
| DEBTOR. | : | BANKRUPTCY CODE |

**ORDER**

On August 12, 2020, the Court entered an order (the "First Order") in the above-captioned bankruptcy case. (Doc. 150). The First Order denied Debtor's objection (Doc. 39) (the "Objection") to a proof of claim filed by Seterus, Inc. ("Seterus") as authorized subservicer for Federal National Mortgage Association ("FNMA") (Claim Number 3-1) (the "Claim"); granted a motion for relief from the automatic stay filed by FNMA (Doc. 33) (the "Motion for Relief"); and found that Debtor's proposed Chapter 13 plan (Doc. 46) (the "Plan") was confirmable. On August 13, 2020, the Court entered a standard

confirmation order confirming the Plan (the "Confirmation Order", collectively with the First Order, the "Orders") (Doc. 151).

On September 30, 2020, Debtor filed a Combined Emergency Motion (Doc. 157) (the "Motion to Extend"), which the Court construed to be a motion for an extension of the time for filing a notice of appeal and a stay pending appeal.  The Court denied the Motion to Extend because: (1) Debtor failed to file a certificate of service indicating service of the Motion on FNMA and the Chapter 13 Trustee; (2) the Court lacked authority to extend the time to file a notice of appeal; and (3) Debtor failed to show cause why the Court should grant a stay pending appeal.  (Doc. 159).

On October 12, 2020, Debtor filed a Combined Emergency Motion to Reopen, Alter, Amend, and/or Provide Relief from Judgment and In Alternative Reconsider (Doc. 162, the "Motion to Reopen").  On October 16, 2020, before the Court could address the Motion to Reopen, Debtor filed a Notice of Appeal regarding the Orders.  (Doc. 163).  Upon the filing of the Notice of Appeal, the Court deferred ruling on the Motion to Reopen and the Motion to Extend (to the extent it could be considered a request to reconsider the Orders), pending the resolution of the appeal.  (Doc. 164).  The District Court dismissed the appeal as untimely on April 2, 2021.  *See* Doc. 180.

The Motion to Reopen seeks reconsideration of the Orders because the Court erred in the First Order by failing to take judicial notice of certain documents and facts, by improperly admitting evidence presented by the opposing party, and in making its factual

2

findings and legal conclusions. Accordingly, the Motion to Reopen is an untimely motion for a new trial under Rule 9023 of the Bankruptcy Code, as it was not filed within fourteen days of the entry of the Orders. *See* Fed. R. Bankr. P. 9023; *Hakeem v. Lamar*, 2020 WL 7711860, at *3 (D.N.M. Dec. 29, 2020) ("[I]f the reconsideration motion seeks to alter the district court's substantive ruling, then it should be considered a rule 59 motion and be subject to rule 59's constraints," and the "court will not generally treat an untimely rule 59(e) motion as a rule 60(b) motion when the party is seeking 'reconsideration of matters properly encompassed in a decision on the merits contemplated by Rule 59(e).'").

If construed as a Rule 9024 motion for relief from judgment, the Motion to Reopen must be denied because it fails to assert a basis for relief under Rule 60(b) of the Federal Rules of Civil Procedure. *See* Fed. R. Bankr. P. 9024. "Relief is available under Rule 60(b)(1) for mistakes of law or its application . . . , but typically the district court is not required to grant relief unless the legal error is obvious." *Chambers v. Fla. Parole Comm'n,* 257 F. App'x 258, 259 (11th Cir. 2007) (citing *Fackelman v. Bell*, 564 F.2d 734, 736 (5th Cir. 1977) ("[S]uch reopenings are certainly not mandatory. The orderly process of appeal usually is far more appropriate to deal with such errors. The reason for such a reopening is to permit the district court to reconsider and correct its own errors, particularly if they are of an obvious nature amounting to little more than clerical errors.")); *see also In re Adeleke*, 2012 WL 2953195, at *3 (Bankr. S.D. Fla. July 19, 2012) ("'Courts and commentators have superimposed an additional limit on parties seeking relief from judicial

errors of law under Rule 60(b); such a motion must be brought within the time allowed to perfect an appeal.'") (quoting *United States v. Real Prop. & Residence Located at Route 1, Box 111, Firetower Rd., Semmes, Mobile County, Ala.*, 920 F.2d 788, 792 (11th Cir. 1991)). "Rule 60(b)(1) [does not] encompass the kinds of legal 'mistakes' alleged in" the Motion to Reopen. *Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir. 1996); *see also Adeleke*, 2012 WL 2953195, at *4 (stating that to satisfy Rule 60(b)(1), "the legal error involved must be obvious and cannot constitute a mere disagreement with the reasonable conclusions of this Court").

Further, the Motion to Reopen does not assert any basis for relief that would satisfy any other provision of Rule 60(b). *See Sease v. Darko*, 795 F. App'x 454, 458 (7th Cir. 2019) ("Relief under Rule 60 is limited to 'extraordinary situations' where the judgment is not merely the result of an error of law."); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) (stating that the "ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal," such as the fact that the judgment was void due to lack of notice or that the judgment was the result of newly discovered evidence that could not have been discovered in time to file a motion for a new trial). "A party may not use Rule 60 as a substitute for a timely and proper appeal." *Parks v. U.S. Life & Credit Corp.,* 677 F.2d 838, 840 (11th Cir. 1982).

For these reasons, it is hereby;

ORDERED that the Motion to Reopen and the Motion to Extend, to the extent not

already resolved, are **DENIED**.

**END OF DOCUMENT**

**Distribution List**

ALL PARTIES ON THE COURT'S MAILING MATRIX